**The STATE of Texas, Appellant,**

v.

**Randy Tim PITTMAN, Appellee.**

**No. 3–90–017–CR.**

Court of Appeals of Texas, Austin.

April 22, 1992.

Nathan Rheinlander, County Atty., Kimbel L. Brown, Asst. County Atty., New Braunfels, for appellant.

Kenneth D. Brazle, New Braunfels, for appellee.

Before CARROLL, C.J., and ABOUSSIE and JONES, JJ.

ABOUSSIE, Justice.

The State seeks to appeal the trial judge's order dismissing a criminal complaint charging the appellee, Randy Tim Pittman, with driving while intoxicated. Tex.Code Crim.Proc.Ann. art. 44.01(a)(1) (Supp.1992). Without deciding the merits of the State's complaints, we will dismiss the appeal for want of jurisdiction.

On June 10, 1989, in Comal County, Texas, Pittman was arrested and charged with driving while intoxicated. The arresting officer drove him to the Comal County Sheriff's office where a videotape was made of the officer's interview with Pittman. The videotape was lost. When the State could not produce the videotape, the trial court ordered the cause dismissed. The State sought to appeal the trial court's order of dismissal by filing a notice of appeal that recites, in part:

> On this 13th day of December, 1989 comes the State of Texas and files this notice of appeal.... State's attorney

swears herein that such appeal is not for purposes of delay....

> Respectfully submitted
> /s/ KIMBEL L. BROWN
> Assistant County
> Attorney

Pittman filed a plea to the jurisdiction and motion to dismiss the appeal on February 20, 1990, arguing that this Court does not have jurisdiction to entertain the appeal because article 44.01(d) and (i) do not authorize an assistant county attorney to give notice of appeal for the State. He also argued that, because the time for perfecting an appeal expired on December 20, 1989, the county attorney could not correct the defect by filing an amended notice. Nevertheless, thereafter the State filed in the trial court an amended notice of appeal, signed by the county attorney, stating as follows:

> On this 21st day of February, 1990, comes the State of Texas and files this notice of appeal by and through the county attorney.... State's attorney swears herein that such appeal is not for purposes of delay....

> Respectfully submitted
> /s/ NATHAN RHEINLANDER
> County Attorney

The county clerk filed a supplemental transcript containing the amended notice in the Court of Appeals.[1] This Court submitted and overruled Pittman's plea and motion.

In his brief on appeal, Pittman again questions this Court's jurisdiction to consider the State's appeal. He argues that the State has failed to comply with the provisions of article 44.01, and that, therefore, this Court has no jurisdiction and the appeal must be dismissed. We agree.

Until November 1987, the State had no right of appeal in a criminal cause. In that month, the voters amended article V, section 26 of the Texas Constitution to read as follows: "The State is entitled to appeal in criminal cases, as authorized by general

---

1. Even assuming an extension of time could have been granted, the State did not request leave of this Court to file an amended notice of appeal and did not request an extension of time reasonably explaining a need for an extension.

law." Article 44.01 of the Texas Code of Criminal Procedure was amended to implement this constitutional change. Article 44.01 provides in relevant part:

(a) *The state is entitled to appeal an order* of a court in a criminal case *if the order:*

(1) *dismisses* an indictment, information, or *complaint;*

.  .  .  .  .

(d) *The prosecuting attorney may not make an appeal* under Subsection (a) or (b) of this article *later than the 15th day* after the date on which the order, ruling or sentence to be appealed is entered by the court.

.  .  .  .  .

(i) In this article *"prosecuting attorney"* means the county attorney, district attorney, or criminal district attorney who has the primary responsibility of prosecuting cases in the court hearing the case and *does not include an assistant* prosecuting attorney.

(Emphasis added).

■■■■ We must decide whether the notice of appeal filed December 14, 1989, meets the requirements of article 44.01. If not, then we must consider whether the amended notice of appeal remedies any defect and complies with the requirements of article 44.01. We conclude that the answer to both questions is "no." During the pendency of this appeal, the Texas Court of Criminal Appeals has resolved the matter. *State v. Muller,* 829 S.W.2d 805 (Tex.Crim. App., 1992).

The State's authority to appeal in a criminal case is governed by article 44.01. *State v. Demaret,* 764 S.W.2d 857, 858 (Tex.App.1989, no pet.). Article 44.01(a)

permits the State to appeal certain rulings of the trial court; article 44.01(d) provides that the prosecuting attorney must do so within fifteen days; and article 44.01(i) expressly states that the term "prosecuting attorney" does not include an assistant. The statute limits the State's power to appeal by restricting that power to a few specifically-designated elected officials primarily responsible for prosecuting criminal cases. *Muller,* 829 S.W.2d at 808–810. Assistants to those officials may not act on behalf of the State to bring an appeal. *Id.* at 810.[2]

Because the assistant county attorney lacked authority to bring an appeal on behalf of the State, we must consider whether the amended notice of appeal corrected the error. We hold that it did not. *See Muller,* 829 S.W.2d at 812.

Texas R.App.P.Ann. 83 (Pamph.1992) provides that no appeal shall be "dismissed for defects or irregularities, in appellate procedure, either of form or substance, without allowing a reasonable time to correct or amend such defects...." However, the Court of Criminal Appeals held in *Muller* that "a notice of appeal by an assistant prosecuting attorney is not a defect of *appellate procedure;* it is a failure to abide by the substantive statutory requirements of Tex.Code Crim.Proc. art. 44.01." *Muller,* 829 S.W.2d at 812 (emphasis in original). The rules of appellate procedure do not enlarge the substantive rights of the litigants. *Demaret,* 764 S.W.2d at 858. Thus, Rule 83 cannot extend the State's fifteen-day deadline for filing an appeal imposed by art. 44.01(d).

Because an assistant prosecuting attorney is not authorized to make an appeal on behalf of the State, the timely-filed notice

---

**2.** The decision in *Muller* thwarts the State's reliance on our decision in *State v. Barker,* 780 S.W.2d 927 (Tex.App.1989, pet. ref'd). In *Barker* we were not called upon to decide whether subsections (d) and (i), read together, require that any State appeal must be taken only by and through the county, district or criminal district attorney, as distinct from an assistant to one of these officials. Instead, in Barker we assumed that the law imposed such a requirement, but we merely held that a notice of appeal reciting that the State was acting "by and through the

Travis County Attorney" was sufficient to comply with article 44.01(i) even though the notice of appeal had been signed by an assistant on behalf of the county attorney. *See also Muller,* 829 S.W.2d at 810–811 and fn. 6 (the prosecuting attorney must personally supervise and authorize the appeals to be undertaken by his office on behalf of the State; when challenged, the State will bear the burden of proof to show that the prosecuting attorney expressly authorized the specific appeal).

of appeal in this cause did not perfect the appeal. The amended notice of appeal was filed outside the fifteen-day time limit and did not in itself perfect the appeal. *Demaret*, 764 S.W.2d 857. We must, therefore, hold that this appeal was not timely perfected and that we are without jurisdiction. *See Muller*, 829 S.W.2d at 813.

For the reasons stated, the appeal is dismissed for lack of jurisdiction.