# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-03-00287-CR
NO. 03-03-00288-CR
NO. 03-03-00289-CR
NO. 03-03-00290-CR
NO. 03-03-00291-CR
NO. 03-03-00292-CR
NO. 03-03-00293-CR
NO. 03-03-00294-CR

**The State of Texas, Appellant**

**v.**

**Robert Blankenship, Appellee**

**FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY
NOS. 624903, 624904, 624905, 624906, 624907, 624908, 624909 & 624910,
HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING**

## O P I N I O N

The State appeals eight judgments, Nos. 624903 through 624910, entered by the County Court at Law No. 1 of Travis County, each of which reversed a judgment of conviction in the municipal court of the City of Austin.

On April 24, 2002, thirteen complaints were filed against appellee Blankenship in the municipal court of the City of Austin charging him with violations of city ordinances defining penal

offenses.[1] The cases were heard on July 17, 2002. The municipal court judge acquitted Blankenship of five offenses, but took the other cases under advisement. On August 23, 2002, the trial court judge found Blankenship guilty of five offenses of developing or changing the use of property without first obtaining a site plan approval and release by the City of Austin. Blankenship was also convicted of three offenses of failing to observe a stop-work order posted at the site of the property involved. The trial court assessed a $1,000 fine in each of the eight cases. Blankenship appealed all eight convictions to the County Court at Law No. 1 of Travis County. These appeals were based on the record made in the municipal court of the City of Austin, a court of record. *See* Tex. Gov't Code Ann. §§ 30.00731-.00737 (West Supp. 2003).

On April 25, 2003, the county court at law handed down an opinion applicable to all eight appeals reversing the judgments of convictions in the municipal court. The county court at law, acting in its appellate capacity, found that there was a fatal variance in each case between the pleading and the proof. The court found that each complaint alleged the offense occurred within the territorial limits of the city. The proof showed, however, that each offense occurred outside the territorial limits of the city, although within the extraterritorial jurisdiction of the city, a matter not alleged. Because of the fatal variance, and the failure to plead an essential element of each offense charged, the county court at law reversed each of the eight convictions and ordered the trial court to enter judgments of acquittal. The State gave notice of appeal in each case. The State has now raised

---

[1] "Conduct does not constitute an offense unless defined as an offense by statute, *municipal ordinance*, order of a county commissioners court, or rule authorized by and lawfully adopted under a statute." Tex. Pen. Code Ann. § 1.03(a) (West 2003) (emphasis added). The jurisdiction of municipal courts is limited by general law to certain criminal cases only with the exception of jurisdiction over forfeiture cases involving bail and personal bonds taken in criminal cases of which a municipal court has jurisdiction. *See* Tex. Gov't Code Ann. § 29.003 (West 2003).

2

three points of error claiming the county court at law erred in its written opinion. We will not reach the merits of these contentions.

## A Jurisdiction Question

We are confronted at the outset with a jurisdictional question. In this State-prosecuted appeal, the notice of appeal is signed only by an assistant city attorney and not "made" by the "prosecuting attorney" in this case, the county attorney, as required by statute. *See* Tex. Code Crim. Proc. Ann. art. 44.01(d), (i) (West Supp. 2003). Appellee Blankenship has filed a motion to dismiss the appeal claiming that this Court has no jurisdiction.

## Jurisdiction

Jurisdiction concerns the power of the court to hear and determine a case. *State v. Riewe*, 13 S.W.3d 408, 410 (Tex. Crim. App. 2000); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Jurisdiction is fundamental and its absence cannot be ignored by an appellate court. *State v. Morse*, 903 S.W.2d 100, 102 (Tex. App.—El Paso 1995, no pet.); *Solis v. State*, 890 S.W.2d 518, 520 (Tex. App.—Dallas 1994, no pet.). Consequently, we are obligated to take notice of the circumstances, even on our own motion. *White v. State*, 930 S.W.2d 673, 675 (Tex. App.—Waco 1996, no pet.); *Morse*, 903 S.W.2d at 102. Each court has jurisdiction to determine whether it has jurisdiction. *State v. Roberts*, 940 S.W.2d 655, 657 (Tex. Crim. App. 1996). When a court determines that it has no jurisdiction to decide the merits of the case or appeal, the appropriate action is to dismiss. *Id*. at 660; *Wolfe v. State*, 878 S.W.2d 645, 646 (Tex. App.—Dallas 1994, no pet.). Any other action by a court without jurisdiction is void. *Foster v. State*, 635 S.W.2d

3

710, 721 (Tex. Crim. App. 1982); *Ford v. State*, 38 S.W.3d 836, 841 (Tex. App.—Houston [14th

Dist.] 2001, pet. ref'd); *Martinez v. State*, 5 S.W.3d 722, 725 (Tex. App.—San Antonio 1999, no

pet.); *see also Jordan v. State*, 54 S.W.3d 783, 785 (Tex. Crim. App. 2001).

Appellate jurisdiction is generally invoked by giving notice of appeal in a criminal

case. *Riewe*, 13 S.W.3d at 410.[2] The notice of appeal must be timely and in writing to invoke the

jurisdiction of a court of appeals. *Id.* The instant case is a State-prosecuted appeal, therefore, we

examine the State's limited right of appeal and the notice of appeal it must give.

## The State's Limited Right To Appeal

Prior to November 1987, there was a traditional prohibition against appeals by the

State in criminal litigation. 43A George E. Dix & Robert O. Dawson, *Texas Practice: Criminal

Practice and Procedure* § 43.191 (2d ed. 2001) [hereinafter Dix]; *State v. Pittman*, 829 S.W.2d 897,

898 (Tex. App.—Austin 1991, no pet.). In the general election in November 1987, the citizens of

Texas voted to amend the Texas Constitution to read: "The State is entitled to appeal in criminal

cases, as authorized by general law." Tex. Const. art. V, § 26. Article 44.01 of the Texas Code of

Criminal Procedure was amended to implement this historic constitutional change by granting a

limited right of appeal by the State. Article 44.01 provides in pertinent part:

(a) The state is entitled to appeal an order of a court in a criminal case if the order:

. . .

(2) arrests or modifies a judgment

---

[2] In a death penalty case, it is unnecessary to file a notice of appeal. *See* Tex. R. App. P. 25.2(a).

4

. . .

(d)  *The prosecuting attorney may not make an appeal* under Subsection (a) or (b) of this article *later than the 15th day* after the date on which the order, ruling or sentence to be appealed is entered by the court.

. . .

(i)  In this article *"prosecuting attorney"* means the county attorney, district attorney, or criminal district attorney who has the primary responsibility of prosecuting cases in the court hearing the case and *does not include an assistant* prosecuting attorney.

Tex. Code Crim. Proc. Ann. art. 44.01(a)(2), (d), (i) (West Supp. 2003) (emphasis added).[3]

---

[3] Article 44.01 fully provides:

(a)  The state is entitled to appeal an order of a court in a criminal case if the order:

(1)  dismisses an indictment, information, or complaint or any portion of an indictment, information, or complaint;

(2)  arrests or modifies a judgment;

(3)  grants a new trial;

(4)  sustains a claim of former jeopardy; or

(5)  grants a motion to suppress evidence, a confession, or an admission, if jeopardy has not attached in the case and if the prosecuting attorney certifies to the trial court that the appeal is not taken for the purpose of delay and that the evidence, confession, or admission is of substantial importance in the case.

(b)  The state is entitled to appeal a sentence in a case on the ground that the sentence is illegal.

(c)  The state is entitled to appeal a ruling on a question of law if the defendant is convicted in the case and appeals the judgment.

5

We must decide whether the instant amended notice of appeal signed only by an assistant city attorney meets the requirements of article 44.01. It must be remembered that we are dealing with a State-prosecuted appeal, not an appeal by a convicted defendant in a criminal case.

—————————————

(d) The prosecuting attorney may not make an appeal under Subsection (a) or (b) of this article later than the 15th day after the date on which the order, ruling, or sentence to be appealed is entered by the court.

(e) The state is entitled to a stay in the proceedings pending the disposition of an appeal under Subsection (a) or (b) of this article.

(f) The court of appeals shall give precedence in its docket to an appeal filed under Subsection (a) or (b) of this article. The state shall pay all costs of appeal under Subsection (a) or (b) of this article, other than the cost of attorney's fees for the defendant.

(g) If the state appeals pursuant to this article and the defendant is on bail, he shall be permitted to remain at large on the existing bail. If the defendant is in custody, he is entitled to reasonable bail, as provided by law, unless the appeal is from an order which would terminate the prosecution, in which event the defendant is entitled to release on personal bond.

(h) The Texas Rules of Appellate Procedure apply to a petition by the State to the Court of Criminal Appeals for review of a decision of a court of appeals in a criminal case.

(i) In this article, "prosecuting attorney" means the county attorney, district attorney, or criminal district attorney who has the primary responsibility of prosecuting cases in the court hearing the case and does not include an assistant prosecuting attorney.

(j) Nothing in this article is to interfere with the defendant's right to appeal under the procedures of Article 44.02 of this code. The defendant's right to appeal under Article 44.02 may be prosecuted by the defendant where the punishment assessed is in accordance with Subsection (a), Section 3d, Article 42.12 of this code, as well as any other punishment assessed in compliance with Article 44.02 of this code.

Tex. Code Crim. Proc. Ann. art. 44.01 (West Supp. 2003).

6

**Discussion**

*State v. Muller*, 829 S.W.2d 805 (Tex. Crim. App. 1992), appears to be the controlling case. In *Muller*, the State's original notice of appeal was signed only by the assistant district attorney of Harris County. Eight months later, the State persuaded the court of appeals to permit it to submit an amended notice of appeal signed personally by the elected district attorney. The court of appeals reversed the trial court's ruling. A petition for discretionary review was granted. *Id*. at 806. The Texas Court of Criminal Appeals reversed the court of appeals and explained that article 44.01 not only prescribes the procedural guidelines but it also limits the State's authority to appeal. *Id*. at 812 (citing *State v. Demaret*, 764 S.W.2d 857, 858 (Tex. App.—Austin 1989, no pet.)); *see also Bayless v. State*, 91 S.W.3d 801, 804 (Tex. Crim. App. 2002).

*Muller* made clear that article 44.01(i) required that the elected prosecuting attorney personally and timely authorize each notice of appeal by the State. *Id*. at 810-12. The "prosecuting attorney" designated in the statute may not delegate general responsibility for deciding whether the State is to take an appeal in a criminal case to an assistant. *Id*. at 812 n.9. The court rejected the amended notice of appeal holding that the filing of the original notice of appeal by an assistant prosecuting attorney is not a defect in appellate procedure but a failure to abide by the substantial requirements of article 44.01. *Id*. at 812. The court concluded that the State did not have the legal power to file a notice after the statutory fifteen-day deadline set forth in article 44.01(d) had expired. *Id*. The court held that noncompliance with article 44.01 was not susceptible to correction through the application of the Texas Rules of Appellate Procedure, and that the court of appeals erred in

7

using the appellate procedural rules to create a jurisdiction enlarging procedure neither expressly contained or implicated by the literal text of article 44.01. *Id.*[4]

The caselaw has been consistent with the holding in *Muller*. *See* 43A Dix § 43.194. In *Pittman*, the notice of appeal signed by an assistant county attorney was held defective and not cured by an untimely amended notice of appeal. 829 S.W.2d at 899-900. In *Boseman v. State*, 830 S.W.2d 588 (Tex. Crim. App. 1992), as in the instant case, the notice of appeal was signed by an assistant city attorney and not by the prosecuting attorney (county attorney). After the fifteen-day deadline set forth in article 44.01, the county attorney filed an affidavit purporting to deputize the assistant city attorney for the purpose of the appeal and to ratify the notice of appeal given. *Id.* at 589. The court held that the notice was defective and the State lost any chance to appeal "when the fifteen-day window of opportunity closed without the county attorney's personal and express authorization of this specific notice of appeal." *Id.* at 591.

In *Shelton v. State*, 830 S.W.2d 605 (Tex. Crim. App. 1992), the notice of appeal was signed only by an assistant county attorney. The court found this notice defective and not saved by the stamping of the facsimile signature of the county attorney on the notice. The court concluded that such action did not satisfy the burden of proving that the appeal was personally, expressly, and specifically authorized by the "prosecuting attorney." *Id.* at 606.

---

[4] When the Legislature granted the Texas Court of Criminal Appeals rule-making authority, it expressly provided that the rules adopted not abridge, enlarge, or modify the substantive rights of a litigant. *See* Tex. Gov't Code Ann. § 22.108(a) (West Supp. 2003); *Lyon v. State*, 872 S.W.2d 732, 735 & n.10 (Tex. Crim. App. 1994). Courts of appeals are prevented from using appellate rules to create jurisdiction where none exists. *Riewe v. State*, 13 S.W.3d 408, 413 (Tex. Crim. App. 2000).

And in *Riewe*, the Court of Criminal Appeals reiterated that in State-prosecuted appeals it is a jurisdictional defect when the elected prosecuting attorney fails to "make" the appeal. 13 S.W.3d at 410.

## The Instant Notice of Appeal

With the foregoing background, we turn to the amended notice of appeal in this case:[5]

### I.

The State of Texas hereby gives notice of its desire to appeal from this Court's Opinion and Judgment reversing the trial court's judgment in each of the above-numbered cases. This Court signed the Opinion and Judgment on April 25, 2003. A copy is attached as Exhibit A.

### II.

This appeal is authorized by Article 44.01 of the Code of Criminal Procedure and T.R.A.P. 25.2, which permit the State in a criminal case to appeal a court order that arrests or modifies a judgment, as well as to appeal a ruling on a question of law if the defendant is convicted and appeals the judgment.

This appeal is timely under Article 44.01 and T.R.A.P. 26.2, which require the State to file a notice of appeal not later than the 15th day after the day the court enters the order to be appealed, and T.R.A.P. 4.1, which sets forth rules for computing time. This Court signed its Order and Judgment on April 25, 2003. The fifteenth day thereafter was Saturday, May 10. The deadline for filing this Notice of Appeal is therefore Monday, May 12.

### III.

The State of Texas desires to appeal to the Third Court of Appeals.

---

[5] The original notice of appeal is the same as the amended notice of appeal except for paragraph IV. Both notices were filed on the same day, May 12, 2003.

IV.

The County Attorney has consented to the City Attorney prosecuting this appeal under Article 45.201 of the Code of Criminal Procedure.

RESPECTFULLY SUBMITTED,

SEDORA JEFFERSON
CITY ATTORNEY


/S/ Gaye Brewer
GAYE BREWER
Assistant City Attorney
State Bar No. 02964050
City of Austin Law Department
Post Office Box 1546
Austin, Texas 78767-1546
(512) 974-2161
(512) 974-6490 [FAX]

ATTORNEYS FOR THE STATE OF TEXAS


If it can be said that the amended notice was timely filed, it was signed only by an assistant city attorney and not personally or expressly by the prosecuting attorney as required by article 44.01. The State calls attention to the assertion in the notice, paragraph IV, that the county attorney had consented to the city attorney prosecuting the appeal under article 45.201 of the Code of Criminal Procedure. Article 45.201(c) provides:

> With the consent of the county attorney, appeals from municipal court to a county court, county court at law, or any appellate court may be prosecuted by the city attorney or a deputy city attorney.

Tex. Code Crim. Proc. Ann. art. 45.201 (West Supp. 2003).

10

The State argues that the assertion in the notice of appeal was sufficient to infer personal authorization by the county attorney for the appeal. We do not agree that it was an adequate substitution for the county attorney's personal, express, and specific making of an appeal as required by article 44.01. Article 45.201 relates to the consent of the county attorney for a city attorney or assistants to "handle" or prosecute an appeal. It does not trump the requirements of article 44.01 as to the notice of appeal.

### Other Efforts To Cure Error

On June 19, 2003, the State filed an answer to the appellee's motion to dismiss the appeal for lack of jurisdiction. Attached thereto is (1) an affidavit dated June 18, 2003, from the Austin City Attorney that on or about May 8, 2003, she gave instructions to her staff to pursue appeals in the eight cases here involved; (2) an affidavit dated June 17, 2003, from the County Attorney of Travis County stating that on May 12, 2003, he considered a request from the city attorney's office for permission to appeal the ruling of the county court at law in the eight cases here involved and the further request to consent to the city attorney's staff prosecuting the appeals. The county attorney stated that he "called" assistant city attorney Gaye Brewer on May 12, 2003, and consented to the city's request. He signed a letter to that effect on May 12, 2002, that was attached to the county attorney's affidavit. The State in its answer tells us the county attorney's letter was not received until May 13, 2003, which was too late to attach it to the notice of appeal filed on May 12, 2003, the last day for filing the required notice of appeal.

Affidavits and documents attached to briefs or pleadings may not be considered on appellate review. *Cook v. State*, 741 S.W.2d 928, 938-39 (Tex. Crim. App. 1987); *Pollan v. State*,

11

612 S.W.2d 594, 596 (Tex. Crim. App. 1981); *Garrett v. State*, 566 S.W.2d 605, 609 (Tex. Crim. App. 1978); *Miranda v. State*, 813 S.W.2d 724, 738 (Tex. App.—San Antonio 1991, pet. ref'd) (citing *Vanderbilt v. State*, 629 S.W.2d 709, 717 (Tex. Crim. App. 1981)).  Moreover, if the affidavits had been filed in the record after their execution, they would have been filed subsequent to the filing deadline for a State's notice of appeal as prescribed by article 44.01(d).  These documents cannot be used to cure or ratify the State's filed notice of appeal.

### Conclusion

The State's amended notice of appeal did not comply with article 44.01 and thus this Court has no jurisdiction to entertain the appeal.  The appellee's motions to dismiss are granted and the appeals are dismissed.

_____

John F. Onion, Jr., Justice

Before Chief Justice Law, Justices Puryear and Onion[*]

Dismissed

Filed:   October 16, 2003

Publish

---

[*]   Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by assignment.  *See* Tex. Gov't Code Ann. § 74.003(b) (West 1998).