The STATE of Texas

v.

**Robert BLANKENSHIP, Appellee.**

Nos. 1998–03, 1999–03, 2000–03, 2001–03, 2002–03, 2003–03, 2004–03, 2005–03.

Court of Criminal Appeals of Texas.

Oct. 6, 2004.

Anatole Barnstone, Austin, for Appellant.

Gaye Brewer, Asst. City Atty., Matthew Paul, State's Atty., Austin, for State.

## OPINION

HERVEY, J., delivered the opinion for a unanimous Court.

The issue in this case is whether the County Attorney of Travis County "made" this particular appeal in the Court of Appeals. We hold that the County Attorney "made" this appeal.

A City of Austin municipal court convicted appellee of several violations of two city ordinances. *See State v. Blankenship*, 123 S.W.3d 99, 101 (Tex.App.-Austin 2003). A county court reversed that decision and the State appealed. *See id.* The City timely filed a notice of appeal and an amended notice of appeal with the latter stating that the "County Attorney has consented to the City Attorney prosecuting this appeal under Article 45.201 of the Code of Criminal Procedure." *See Blankenship*, 123 S.W.3d at 104–05. These notices of appeal were signed by an assistant city attorney and not by the County Attorney. *See id.*[1]

---

1. Article 44.01(a) and (b), TEX.CODE CRIM. PROC., permits the "state" to appeal certain matters. *See, e.g.,* Article 44.01(a) (the "state" is entitled to appeal). Article 44.01(d), TEX.CODE CRIM. PROC., authorizes the "prosecuting attorney" to "make an appeal" within certain time limits after an appealable event occurs. *See* Article 44.01(d) (the "prosecuting attorney" may not "make an appeal"). And, Article 44.01(I), TEX.CODE CRIM. PROC., defines "prosecuting attorney" as the "county attorney, district attorney, or criminal district attorney

After the time for filing a timely notice of appeal expired, appellee claimed in a motion to dismiss the appeal that the Court of Appeals lacked jurisdiction over the appeal because neither the amended notice of appeal nor anything else in the record reflected that the County Attorney "personally" made the appeal. *See Blankenship*, 123 S.W.3d at 102–05.[2] In response, the City filed several documents including an affidavit signed by the County Attorney all indicating that the County Attorney consented to and authorized the City's appeal within the time for timely filing a notice of appeal. *See Blankenship*, 123 S.W.3d at 106.

The Court of Appeals decided that the assertion in the City's amended notice of appeal that the County Attorney consented to this particular appeal under Article 45.201 failed to satisfy Article 44.01(d) requiring the County Attorney to "make" the appeal. *See Blankenship*, 123 S.W.3d at 105.[3] The Court of Appeals stated:

> who has the primary responsibility of prosecuting cases in the court hearing the case and does not include an assistant prosecuting attorney." Article 45.201(c), Tex.Code Crim. Proc., provides that in municipal prosecutions a "city attorney or a deputy city attorney" may, with the consent of the county attorney, prosecute an appeal such as the one involved in this case.

2. Appellee's motion to dismiss in the Court of Appeals stated, among other things:

> Article 44.01 is not simply duplicative of Article 45.201. While the Assistant City Attorney's personal allegation that the County Attorney "consented to" the City Attorney's prosecution of this appeal may (or may not) satisfy Article 45.201, it does not confer jurisdiction upon this Court. The City must still satisfy the much more exacting requirement that the County Attorney must actually "make" the appeal himself. Tex.Code Crim. Proc. art. 44.01(d), (I). The record does not show such personal involvement by the County Attorney, and thus, the City's appeal must be dismissed.

The State argues that the assertion in the [amended] notice of appeal was sufficient to infer personal authorization by the county attorney for the appeal. We do not agree that it was an adequate substitution for the county attorney's personal, express, and specific making of an appeal as required by article 44.01. Article 45.201 relates to the consent of the county attorney for a city attorney or assistants to "handle" or prosecute an appeal. It does not trump the requirements of article 44.01 as to the notice of appeal.

*Id.*[4]

In *State v. Muller*, this Court decided that Article 44.01(d) authorizes only the prosecuting attorney (in this case the County Attorney) "to make an appeal by personally authorizing—in some fashion—the specific notice of appeal in question" prior to the expiration of the deadline for perfecting an appeal. *See State v. Muller*,

3. We exercised our discretionary authority to review this decision. Ground for review two of the City's discretionary review petition states:

> The Court of Appeals erred in holding, in effect, that the State's notice of appeal requires the personal signature of the "prosecuting attorney."

4. The Court of Appeals also decided that it could not consider the documents that the City filed in response to appellee's motion to dismiss the appeal because these documents were filed after the deadline for timely filing a notice of appeal. *See State v. Blankenship*, 123 S.W.3d at 106; *see generally State v. Riewe*, 13 S.W.3d 408 (Tex.Cr.App.2000). We exercised our discretionary authority to review this decision. Ground for review one of the City's discretionary review petition states:

> The Court of Appeals erred in refusing to consider documents submitted by the State to clarify that an ambiguous sentence in the notice of appeal meant that the "prosecuting attorney" personally authorized the appeal within the State's appeal time.

829 S.W.2d 805, 810 (Tex.Cr.App.1992) (internal quotes omitted). This Court stated in *Muller*, 829 S.W.2d at 810:

> We do not suggest that Article 44.01 necessarily requires that a State's notice of appeal must, in all cases, reflect the personal signature of the prosecuting attorney. However, the plain meaning of the literal text of Article 44.01(d) requires the prosecuting attorney to "make an appeal" by personally authorizing—in some fashion—the specific notice of appeal in question. More specifically, to comply with the statute, he must either physically sign the notice of appeal *or*[5] personally instruct and authorize a subordinate to sign the specific notice of appeal in question. [Footnote omitted]. Because of the jurisdictional limitations of Article 44.01 ... we further read the statute to require this personal authorization to occur prior to the expiration of the fifteen day window of appeal.

We do not agree with the suggestion in appellee's motion to dismiss and in the opinion of the Court of Appeals that an assertion in a notice of appeal such as the one at issue here cannot simultaneously comply with Article 45.201 and Article 44.01(d). In this case, we decide that the timely-made assertion in the City's amended notice of appeal that the "County Attorney has consented to the City Attorney prosecuting this appeal" is "in some fashion" a written express personal authorization by the County Attorney of this specific notice of appeal in this particular case.[6] *See Muller*, 829 S.W.2d at 810 n. 6 (discussing requirement of some "other written expressed authorization" of a prosecut-

ing attorney who has not actually signed the notice of appeal). It is not a general delegation of authority to an assistant. *See id.* (general delegation of authority does not qualify under the statute). And, it is more than a signature stamp. *See State v. Shelton*, 830 S.W.2d 605, 606 (Tex.Cr. App.1992) (use of a "signature stamp, without more" does not comply with the statute).

Our decision makes it unnecessary to address ground one (which we dismiss). The judgment of the Court of Appeals is reversed and the cause is remanded there for further proceedings.

---

5. Emphasis in original.

6. The terms "consent" and "authorize" contain common definitions. *See Roget's Desk Thesaurus*, Random House, Inc., RHR Press, New York (2001) at 41 (defining "authorize"

as, among other things, to give authority for, approve, sanction, confirm) and at 111 (defining "consent" as, among other things, approve, sanction, confirm, ratify, endorse).