IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. 1998/99/00/01/02/03/04/05-03






THE STATE OF TEXAS



v.



ROBERT BLANKENSHIP, Appellee





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE THIRD COURT OF APPEALS


TRAVIS COUNTY





 Hervey, J., delivered the opinion for a unanimous Court.


O P I N I O N 



 The issue in this case is whether the County Attorney of Travis County "made" this particular
appeal in the Court of Appeals. We hold that the County Attorney "made" this appeal.

 A City of Austin municipal court convicted appellee of several violations of two city ordinances. 
See State v. Blankenship, 123 S.W.3d 99, 101 (Tex.App.-Austin 2003). A county court reversed that
decision and the State appealed. See id. The City timely filed a notice of appeal and an amended notice
of appeal with the latter stating that the "County Attorney has consented to the City Attorney prosecuting
this appeal under Article 45.201 of the Code of Criminal Procedure." See Blankenship, 123 S.W. 3d at
104-05. These notices of appeal were signed by an assistant city attorney and not by the County Attorney. 
See id. (1)

 After the time for filing a timely notice of appeal expired, appellee claimed in a motion to dismiss
the appeal that the Court of Appeals lacked jurisdiction over the appeal because neither the amended
notice of appeal nor anything else in the record reflected that the County Attorney "personally" made the
appeal. See Blankenship, 123 S.W.3d at 102-05. (2)
 In response, the City filed several documents
including an affidavit signed by the County Attorney all indicating that the County Attorney consented to
and authorized the City's appeal within the time for timely filing a notice of appeal. See Blankenship, 123
S.W.3d at 106.

 The Court of Appeals decided that the assertion in the City's amended notice of appeal that the
County Attorney consented to this particular appeal under Article 45.201 failed to satisfy Article 44.01(d)
requiring the County Attorney to "make" the appeal. See Blankenship, 123 S.W.3d at 105. (3) The Court
of Appeals stated:

 The State argues that the assertion in the [amended] notice of appeal was sufficient to infer
personal authorization by the county attorney for the appeal. We do not agree that it was
an adequate substitution for the county attorney's personal, express, and specific making
of an appeal as required by article 44.01. Article 45.201 relates to the consent of the
county attorney for a city attorney or assistants to "handle" or prosecute an appeal. It
does not trump the requirements of article 44.01 as to the notice of appeal.

Id. (4)

 In Muller v. State, this Court decided that Article 44.01(d) authorizes only the prosecuting
attorney (in this case the County Attorney) "to make an appeal by personally authorizing-in some
fashion-the specific notice of appeal in question" prior to the expiration of the deadline for perfecting an
appeal. See Muller v. State, 829 S.W.2d 805, 810 (Tex.Cr.App. 1992) (internal quotes omitted). This
Court stated in Muller, 829 S.W.2d at 810:

 We do not suggest that Article 44.01 necessarily requires that a State's notice of appeal
must, in all cases, reflect the personal signature of the prosecuting attorney. However, the
plain meaning of the literal text of Article 44.01(d) requires the prosecuting attorney to
"make an appeal" by personally authorizing-in some fashion-the specific notice of appeal
in question. More specifically, to comply with the statute, he must either physically sign the
notice of appeal or[ (5)] personally instruct and authorize a subordinate to sign the specific
notice of appeal in question. [Footnote omitted]. Because of the jurisdictional limitations
of Article 44.01 ... we further read the statute to require this personal authorization to
occur prior to the expiration of the fifteen day window of appeal.

 

 We do not agree with the suggestion in appellee's motion to dismiss and in the opinion of the Court
of Appeals that an assertion in a notice of appeal such as the one at issue here cannot simultaneously
comply with Article 45.201 and Article 44.01(d). In this case, we decide that the timely-made assertion
in the City's amended notice of appeal that the "County Attorney has consented to the City Attorney
prosecuting this appeal" is "in some fashion" a written express personal authorization by the County
Attorney of this specific notice of appeal in this particular case. (6) See Muller, 829 S.W.2d at 810 n.6
(discussing requirement of some "other written expressed authorization" of a prosecuting attorney who has
not actually signed the notice of appeal). It is not a general delegation of authority to an assistant. See id.
(general delegation of authority does not qualify under the statute). And, it is more than a signature stamp. 
See State v. Shelton, 830 S.W.2d 605, 606 (Tex.Cr.App. 1992) (use of a "signature stamp, without
more" does not comply with the statute). 

 Our decision makes it unnecessary to address ground one (which we dismiss). The judgment of
the Court of Appeals is reversed and the cause is remanded there for further proceedings.


 Hervey, J.


Delivered: October 6, 2004

Publish
1. Article 44.01(a) and (b), Tex. Code Crim. Proc., permits the "state" to appeal certain matters. 
See, e.g., Article 44.01(a) (the "state" is entitled to appeal). Article 44.01(d), Tex. Code Crim. Proc.,
authorizes the "prosecuting attorney" to "make an appeal" within certain time limits after an appealable
event occurs. See Article 44.01(d) (the "prosecuting attorney" may not "make an appeal"). And, Article
44.01(I), Tex. Code Crim. Proc., defines "prosecuting attorney" as the "county attorney, district
attorney, or criminal district attorney who has the primary responsibility of prosecuting cases in the court
hearing the case and does not include an assistant prosecuting attorney." Article 45.201 (c), Tex. Code
Crim. Proc., provides that in municipal prosecutions a "city attorney or a deputy city attorney" may, with
the consent of the county attorney, prosecute an appeal such as the one involved in this case.
2. Appellee's motion to dismiss in the Court of Appeals stated, among other things:


 Article 44.01 is not simply duplicative of Article 45.201. While the Assistant City
Attorney's personal allegation that the County Attorney "consented to" the City Attorney's
prosecution of this appeal may (or may not) satisfy Article 45.201, it does not confer
jurisdiction upon this Court. The City must still satisfy the much more exacting requirement
that the County Attorney must actually "make" the appeal himself. Tex. Code Crim. Proc.
art. 44.01(d), (I). The record does not show such personal involvement by the County
Attorney, and thus, the City's appeal must be dismissed.

3. We exercised out discretionary authority to review this decision. Ground for review two of the
City's discretionary review petition states:


 The Court of Appeals erred in holding, in effect, that the State's notice of appeal requires
the personal signature of the "prosecuting attorney."
4. The Court of Appeals also decided that it could not consider the documents that the City filed in
response to appellee's motion to dismiss the appeal because these documents were filed after the deadline
for timely filing a notice of appeal. See State v. Blankenship, 123 S.W.3d at 106; see generally State
v. Riewe, 13 S.W.3d 408 (Tex.Cr.App. 2000). We exercised out discretionary authority to review this
decision. Ground for review one of the City's discretionary review petition states:


 The Court of Appeals erred in refusing to consider documents submitted by the State to
clarify that an ambiguous sentence in the notice of appeal meant that the "prosecuting
attorney" personally authorized the appeal within the State's appeal time.
5. Emphasis in original.
6. The terms "consent" and "authorize" contain common definitions. See Roget's Desk Thesaurus,
Random House, Inc., RHR Press, New York (2001) at 41 (defining "authorize" as, among other things,
to give authority for, approve, sanction, confirm) and at 111 (defining "consent" as, among other things,
approve, sanction, confirm, ratify, endorse).