**Dismissed and Memorandum Opinion filed August 23, 2012.**



In The

# Fourteenth Court of Appeals

---

NO. 14-12-00571-CR
NO. 14-12-00573-CR

---

**THE STATE OF TEXAS, Appellant**

**V.**

**GARY GATES, Appellee**

---

**On Appeal from the County Criminal Court at Law No. 12**
**Harris County, Texas**
**Trial Court Cause Nos. 5538 & 5512**

---

## MEMORANDUM OPINION

A jury in the City of Houston Municipal Court Number 11 convicted appellee Gary Gates of two violations of the fine-only offense of failure to maintain property structural standards pursuant to City of Houston Ordinance Section 10-343. *See* Houston, Tex., Code of Ordinances § 10-343 (2007). The jury assessed the maximum fine of $2,000 for each violation. Gates appealed to Harris County Criminal Court at Law No.

12, which reversed the convictions and rendered judgments of acquittal on both charges by orders signed May 16, 2012. The State filed a notice of appeal for both offenses on June 15, 2012.[1] *See* Tex. Code Crim. Proc. art. 44.01 (granting the state the right to appeal certain orders in criminal cases).

The State must file its notice of appeal within twenty days after the court enters the order being appealed. *See* Tex. Code Crim. Proc. art. 44.01(d); Tex. R. App. P. 26.2(b). Therefore, the State's notice of appeal filed thirty days after the orders were signed and entered is untimely. The State did not file a motion for extension of time to file its notice of appeal. *See* Tex. R. App. P. 26.3. The Texas Court of Criminal Appeals has held that when a notice of appeal is filed within the fifteen-day period for filing a motion for extension of time but no timely motion for extension is filed, the appellate court lacks jurisdiction. *See Olivo v. State*, 918 S.W.2d 519, 522-24 (Tex. Crim. App. 1996) (rejecting the more "liberal policy" followed in civil cases).

A notice of appeal which complies with the requirements of Texas Rule or Appellate Procedure 26 is essential to vest the court of appeals with jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1996). If an appeal is not timely perfected, a court of appeals does not obtain jurisdiction to address the merits of the appeal and can take no action other than to dismiss the appeal. *Id.*

On July 25, 2012, this court advised the parties of our intention to dismiss these appeals for want of jurisdiction unless any party filed a response by August 6, 2012, demonstrating that we have jurisdiction over the appeals. No response was filed.

---

[1] The "state" may appeal an order reversing a municipal court conviction such as in these cases. *See State v. Blankenship,* 146 S.W.3d 218, 218 n.1 (Tex. Crim. App. 2004).

Accordingly, the appeals are ordered dismissed.

PER CURIAM


Panel consists of Justices Seymore, Boyce, and McCally.

Do Not Publish — Tex. R. App. P. 47.2(b).