**DISMISSED FOR WANT OF JURISDICTION; and Opinion Filed July 18, 2023**



**In The**

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-22-00220-CR**

**THE STATE OF TEXAS, Appellant**

**V.**

**WHITNEY S. VILLA, Appellee**

**On Appeal from the County Criminal Court of Appeals No. 1**
**Dallas County, Texas**
**Trial Court Cause No. MC-21-R0003-D**

## OPINION

Before Justices Carlyle, Goldstein, and Kennedy
Opinion by Justice Kennedy

In the City of Mesquite Municipal Court, a municipal court of record, a jury convicted Whitney S. Villa of assault by contact, a Class C misdemeanor, and the court assessed a fine of $331 as Villa's punishment. *See* TEX. PENAL CODE ANN. § 22.01(a)(3), (c). Villa appealed the municipal court's judgment to County Criminal Court of Appeals No. 1, which ruled in Villa's favor, reversed the municipal court's judgment, and remanded Villa's case for a new trial. The State now seeks to appeal the county criminal court of appeals' judgment to this Court.

We questioned this Court's jurisdiction over the State's appeal because it does not meet the requirements of Texas Government Code Section 30.00027(a), and, on our own motion, we asked the parties to show cause why this appeal should not be dismissed. *See* TEX. GOV'T CODE ANN. § 30.00027(a) (setting forth the requirements for appeals of matters originating in municipal courts of record to the courts of appeal). The State responded asserting we have jurisdiction over its appeal. Villa responded urging this Court to follow the Fort Worth Court of Appeals' decision in *State v. Pugh* and dismiss the appeal for lack of jurisdiction. No. 02-21-00108-CR, 2022 WL 1793518 (Tex. App.—Fort Worth June 2, 2022, no pet.) (mem. op., not designated for publication). For the reasons set forth herein, we conclude we do not have jurisdiction over the State's appeal.

## DISCUSSION

### I.    Right of Appeal

In Texas, appeals by either the State or the defendant in a criminal case are permitted only when they are specifically authorized by statute. *State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 915 (Tex. Crim. App. 2011) (orig. proceeding). And "[t]he standard for determining jurisdiction is not whether the appeal is precluded by law, but whether the appeal is authorized by law." *Id.* (quoting *Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008)). Thus, while the legislature has generally granted the courts of appeals appellate jurisdiction coextensive with the limits of their respective districts in all criminal cases except those in which the death

–2–

penalty has been assessed, with a minimum fine requirement in cases appealed from an inferior court to one of the county courts, unless the sole issue is the constitutionality of the statute or ordinance on which the conviction is based, whether the court may exercise jurisdiction in a specific case still depends upon whether the appealing party has been given the right to appeal. *See* TEX. CODE CRIM. PROC. ANN. art. 4.03. Article 44.02 of the Code of Criminal Procedure states a defendant's general right of appeal, and Article 44.01 provides the State a limited right of appeal.[1] *Id.* arts. 44.01–.02. When we consider whether a party has been granted a right to appeal, we default to these provisions unless another legislative directive applicable to the case provides otherwise. *See, e.g.*, *Dallas Cnty. v. Coutee*, 233 S.W.3d 542, 545 (Tex. App.—Dallas 2007, pet. denied).

---

[1] Under Article 44.01, "The state is entitled to appeal an order of a court in a criminal case if the order: (1) dismisses an indictment, information, or complaint or any portion of an indictment, information, or complaint; (2) arrests or modifies a judgment; (3) grants a new trial; (4) sustains a claim of former jeopardy; (5) grants a motion to suppress evidence, a confession, or an admission, if jeopardy has not attached in the case and if the prosecuting attorney certifies to the trial court that the appeal is not taken for the purpose of delay and that the evidence, confession, or admission is of substantial importance in the case; or (6) is issued under Chapter 64 [addressing miscellaneous proceedings]." CRIM. PROC. art. 44.01(a). In addition, the State is entitled to appeal (1) a sentence in a case on the ground that the sentence is illegal, (2) a ruling on a question of law if the defendant is convicted in the case and appeals the judgment, (3) an order granting relief to an applicant for a writ of habeas corpus under Article 11.072, (4) an order entered under Subchapter G or H, Chapter 62, that exempts a person from complying with the requirements of Chapter 62, and Subchapter I, Chapter 62, that terminates a person's obligation to register under Chapter 62. *Id.* art. 44.01(b), (c), (k), (*l*).

Under Article 44.02, "A defendant in any criminal action has the right of appeal under the rules hereinafter prescribed, provided, however, before the defendant who has been convicted upon either his plea of guilty or plea of nolo contendere before the court and the court, upon the election of the defendant, assesses punishment and the punishment does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney may prosecute his appeal, he must have permission of the trial court, except on those matters which have been raised by written motion filed prior to trial." *Id.* art. 44.02.

## II.    Initial Appeal of Municipal Court of Record Judgment or Conviction

Section 30.00014(a) of the Texas Government Code governs an initial appeal of a municipal court of record's judgment or conviction.  *See* GOV'T § 30.00014(a).  Jurisdiction of such an appeal lies in the county criminal courts or the county criminal courts of appeal in the county in which the municipality is located, or in the municipal county courts of appeal, or in the county courts at law, as a default in the absence of the aforementioned courts.  *Id.*  Section 30.00014 does not apply to subsequent appeals from the county courts to the courts of appeals.  *See Pugh*, 2022 WL 1793518, at *2.

Section 30.00014 affords a defendant the right to appeal from a judgment or conviction of a municipal court of record.  GOV'T § 30.00014(a).  The State has the right to appeal as provided by Article 44.01 of the Texas Code of Criminal Procedure.  *Id.* § 30.00014(a).  The actions listed in Article 44.01(a) are typically actions that are taken by a trial court and, thus, are logically subject to an initial appeal.  To preserve a complaint for appeal to the county criminal court, the appealing party must set forth its complaint in a motion for new trial.  *Id.* § 30.00014(c).

Unlike appeals from a "municipal court," an appeal from a "municipal court of record" may not be by trial de novo; rather, it is truly an appeal of the underlying decision.  *Id.* § 30.00014(b); CRIM. PROC. art. 44.17 ("In all appeals to a county court from . . . municipal courts other than municipal courts of record, the trial shall be de

–4–

novo . . . in the county court, the same as if the prosecution had been originally commenced in that court. An appeal to the county court from a municipal court of record may be based only on errors reflected in the record."); CRIM. PROC. art. 45.042(b) ("Unless the appeal is from a municipal court of record and the appeal is based on error reflected in the record, the trial shall be de novo."). Section 30.00014 does not address the issue of subsequent appeals.

In the current case, it was Villa, not the State, who perfected an appeal from the municipal court of record to the county criminal court of appeals. Dissatisfied with that court's resolution of Villa's appeal, reversing the judgment of the municipal court of record and remanding the case for a new trial, the State now seeks review from this Court. Accordingly, we discuss the requisites for an appeal to this Court following the county criminal court of appeals' resolution of an appeal of a municipal court of record's judgment or conviction.

## III. Appeals to Court of Appeals

The statute governing our jurisdiction, under the circumstances in which this appeal reaches us, is Section 30.00027 of the Texas Government Code, titled "Appeals to Court of Appeals." *See* GOV'T § 30.00027; *Pugh*, 2022 WL 1793518, at *1. Pursuant to Section 30.00027(a), "The *appellant* has the *right to appeal* to the court of appeals if: (1) the fine assessed against the defendant exceeds $100 *and* the

judgment is affirmed by the appellate court;[2] or (2) the sole issue is the constitutionality of the statute or ordinance on which a conviction is based." GOV'T § 30.00027(a) (emphasis added). In our order requesting letter briefs from the parties addressing this Court's jurisdiction over the State's appeal, we questioned our jurisdiction because (1) the State, as the appellant, is not appealing a case in which the fine assessed exceeds $100 *and* the municipal court of record's judgment is affirmed by the county criminal court of appeals, sitting as the appellate court, and (2) the State's appeal does not involve the constitutionality of any underlying statute or ordinance on which the conviction was based.

## IV. The State's Arguments

In the State's letter brief, it contends that we have jurisdiction to hear its appeal under Article "44.01 of the Texas Code of Criminal Procedure, by and through Section 30.00014 of the Texas Government Code, through Section 30.00027(b) of the Texas Government Code." The State relies principally on this Court's decision in *Morales* and the Texas Court of Criminal Appeals' decision in *Blankenship* to urge it has a right to appeal under Article 44.01. *See State v. Blankenship*, 146 S.W.3d 218 (Tex. Crim. App. 2004); *State v. Morales*, 322 S.W.3d 297 (Tex. App.—Dallas 2010, no pet.). We will address the State's arguments

---

[2] With respect to municipal courts of record, the Government Code defines "appellate court" as "(A) the county criminal court, the county criminal court of appeals, or the municipal court of appeals; or (B) the county court at law if there is no county criminal court, country criminal court of appeals, or municipal court of appeals." GOV'T § 30.00002(1).

concerning these cases as well as its reference to Sections 30.00014 and 30.00027(b) of the Government Code.

**A. Section 33.00014 – "Appeal"**

To the extent the State relies on Section 30.00014(a), and its reference to Article 44.01 of the Texas Code of Criminal Procedure, to establish a right to appeal the county criminal court of appeal's judgment reversing the municipal court of record's judgment and remanding the case for a new trial, its reliance is misplaced. Section 30.00014(a) applies to initial appeals from the municipal courts of record to the county courts, not to subsequent appeals from the county courts to the courts of appeals. *Id.* § 30.00014(a); *Pugh*, 2022 WL 1793518, at *2. Appeals to this Court are governed by Section 30.00027, titled "Appeals to Court of Appeals." GOV'T § 30.00027(a); *Pugh*, 2022 WL 1793518, at *1.

**B. *Morales***

The State contends that the posture of the current case is similar to that of *Morales* and *Sanchez*, cases in which this Court considered the merits of appeals by the State in cases that originated in municipal courts of record. *Morales*, 322 S.W.3d at 297; *State v. Sanchez*, 135 S.W.3d 698 (Tex. App.—Dallas 2003), *aff'd*, 138 S.W.3d 324 (Tex. Crim. App. 2004). The State concedes that this Court did not address the issue of jurisdiction in *Sanchez*, and we conclude *Sanchez* is not instructive here. With respect to *Morales,* the State contends that this Court expressly recognized jurisdiction over the State's appeal and that, absent an

–7–

intervening change in the law by the legislature, a higher court, or this Court sitting en banc, this Court should not overrule *Morales*' jurisdictional determination. For the reasons set forth herein, we disagree with the State's characterization of the scope of this Court's decision in *Morales* and conclude the State's reliance on *Morales* is misplaced.

In *Morales*, a jury convicted Morales of having possessed drug paraphernalia and the trial court assessed a fine of $500. Morales filed a motion for new trial, which the trial court granted. Morales then filed an application for writ of habeas corpus asserting the new trial was barred by the double jeopardy clauses of the United States and Texas Constitutions. The trial court granted the application and entered a judgment of acquittal. In that case, the State, not the defendant, appealed to the county criminal court of appeals. That court affirmed the trial court's orders, and the State appealed to this Court. We recognize here that on appeal to this Court, we referenced Government Code Section 30.00014(a) and Article 44.01 of the Code of Criminal Procedure, along with Section 30.00027 of the Government Code. But we did so only in the recital of the facts while simply noting that the appeal was timely filed. Contrary to the State's assertion, this Court did not expressly recognize that it had jurisdiction over the substance of the State's appeal and did not analyze whether a specific statute authorized exercise of jurisdiction over the case. Moreover, the fact that the Court went on to decide the case on the merits does not impact or control our decision here because it is beyond question that a court may

–8–

not by its own action, explicitly or implicitly, expand jurisdiction beyond that granted by the Constitution or legislature. *City of Amarillo v. Hancock*, 239 S.W.2d 788, 791 (Tex. 1951); *see also Emps. Ret. Sys. of Tex. v. Foy*, 896 S.W.2d 314, 316 (Tex. App.—Austin 1995, writ denied).

## C. *Blankenship*

Next, the State asserts that in *Blankenship* the court of criminal appeals addressed the court of appeals' jurisdiction in a municipal court of record appeal and did so by applying and referencing Article 44.01 of the Code of Criminal Procedure. *Blankenship*, 146 S.W.3d at 218. While the court may have referenced Article 44.01, the focus of the court's opinion was on subsection (d), dealing with the notice of appeal deadline,[3] and whether the County Attorney "made" the appeal, and was limited to the issue of whether the County Attorney had consented to the City Attorney's prosecuting the appeal under Article 45.201 of the Code of Criminal Procedure.[4]

---

[3] We recognize that in footnote 1 of the opinion, the court stated, "Article 44.01(a) and (b), TEX. CODE CRIM. PROC., permits the 'state' to appeal certain matters." But we note that the statement is not specifically addressed to the issue of the state's appeal to the court of appeals following an appeal of a municipal court of record's judgment or conviction to the county criminal courts and did not address the specific issue that was before the court. We conclude the statement is merely dicta. *See, e.g.*, *Sommers v. Concepcion*, 20 S.W.3d 27, 39 (Tex. App.—Houston [14th Dist.] 2000, pet. denied) (when the court was not addressing the specific issue addressed in the footnote, the statement in the footnote was merely dicta). For that reason, we do not find the *Gates* case, which the State references as citing *Blankenship*, to be persuasive here. *See State v. Gates*, No. 14-12-00573-CR, 2012 WL 3629349, at *1 (Tex. App.—Houston [14th Dist.] Aug. 23, 2012, no pet.) (mem. op., not designated for publication).

[4] Article 45.201(c) provides, "With the consent of the county attorney, appeals from municipal court to a county court, county court at law, or any appellate court may be prosecuted by the city attorney or a deputy city attorney." CRIM. PROC. art. 45.201(c). Article 44.01(d) provides, "The prosecuting

In that case, the court of criminal appeals noted that after the time for filing a timely notice of appeal expired, Blankenship filed a motion to dismiss the appeal claiming the court of appeals lacked jurisdiction over the appeal because neither the amended notice of appeal nor anything else in the record reflected that the County Attorney "personally" made the appeal. *State v. Blankenship*, 123 S.W.3d 99, 102–05 (Tex. App.—Austin 2003), *rev'd*, 146 S.W.3d 218 (Tex. Crim. App. 2004). The court of appeals decided that the assertion in the City's amended notice of appeal that the County Attorney consented to this particular appeal under Article 45.201, failed to satisfy Article 44.01(d)'s requirement that the County Attorney "make" the appeal. *Id.* at 105. The court of criminal appeals disagreed with the court of appeals and concluded that an assertion in a notice of appeal, such as the one at issue there, could simultaneously comply with Articles 45.201 and 44.01(d). *Blankenship*, 146 S.W.3d at 220. Consequently, we conclude *Blankenship* does not support the State's assertion that this Court has jurisdiction over its appeal.

## V.     Section 30.00027 – "Appeals to Court of Appeals"

This brings us back to Section 30.00027. Unlike Section 30.00014, Section 30.00027 does not expressly refer to Article 44.01 of the Code of Criminal Procedure. Had the legislature intended to give the State the right to appeal to the

---

attorney may not make an appeal under Subsection (a) or (b) of this article later than the 20th day after the date on which the order, ruling, or sentence to be appealed is entered by the court. *Id.* art. 44.01(d).

courts of appeal under Article 44.01, it could have used the same language in Article 30.00027, but it did not. When the legislature has employed a term in one section of a statute and excluded it in another, we presume the legislature had a reason for excluding it. *See Fireman's Fund Cnty. Mut. Ins. Co. v. Hidi*, 13 S.W.3d 767, 769 (Tex. 2000); *see also Laidlaw Waste Sys. (Dallas) Inc. v. City of Wilmer*, 904 S.W.2d 656, 659 (Tex. 1995) (when legislature uses a word or phrase in one portion of statute but excludes it from another, the term should not be implied where it has been excluded).

With respect to the history of Section 30.00027, we note that the earliest version of Section 30.00027 was Section 30.505, and it used the term "defendant" when addressing the right to appeal.[5] Act of May 23, 1987, 70th Leg., R.S., ch. 811, § 1, 1987 Tex. Gen. Laws, 2809, 2814. Effective September 1, 1997, Section 30.505 was renumbered (without any editing) as Section 30.00025. Act of May 8, 1997, 75th Leg., R.S., ch. 165, § 8.02, 1997 Tex. Gen. Laws 327, 389. Thus, at one time the restriction on the right to appeal in what would later become Section 30.00027 applied only to defendants who had appealed from the municipal court to the county court, who lost their appeal in the county court, and who wanted to appeal from the

---

[5] Section 30.505 provided, "The defendant has the right to appeal to the court of appeals if the fine assessed against the defendant exceeds $100 and if the judgment is affirmed by the appellate court. The provisions of the code of criminal procedure relating to direct appeals from a county or a district court to the court of appeals apply to the appeal, except that: (1) the record and briefs on appeal in the appellate court constitute the record and briefs on appeal to the court of appeals unless the rules of the court of criminal appeals provide otherwise; and (2) the record and briefs shall be filed directly with the court of appeals."

–11–

county court to the courts of appeals.

But effective September 1, 1999, Section 30.00025 was renumbered as Section 30.00027 and, in connection with the recitation of the right to appeal, the designation of "defendant" was replaced with "appellant." Act of May 27, 1999, 76th Leg., R.S., ch. 691 § 1, 1999 Tex. Gen. Laws, 3263, 3270. When the legislature amends a statute, we presume that the legislature intended to change the law, and we give effect to that intended change. *Brown v. State*, 915 S.W.2d 533, 536 (Tex. App.—Dallas 1995), *aff'd*, 943 S.W.2d 35 (Tex. Crim. App. 1997). By changing "defendant" to "appellant," the legislature broadened Section 30.00027(a) to include the State. *Pugh*, 2022 WL 1793518, at *3. Because the State falls under Section 30.00027(a), we have no need to look beyond it for a default provision, and Article 44.01 is not implicated.[6]

Finally, we consider what, if any, impact Section 30.00027(b) has on the parties' rights to appeal to the court of appeals. Section 30.00027(b) provides:

> The provisions of the Code of Criminal Procedure relating to direct appeals from a county or a district court to the court of appeals apply to

---

[6] The dissent contends applying Section 30.00027(a) to the State, as appellant, would lead to absurd results because "it is unlikely that the State would ever have the authority to appeal." We recognize that Section 30.00027(a) is more restrictive than Article 44.01. We disagree with the dissent as to the extent of that restriction, and note that, nevertheless, the legislature is entitled to restrict the breadth of its grants of subsequent appeal authority, and that the restrictions do not altogether foreclose the State's ability, under the right circumstances, to seek further review from this Court or discretionary review from the court of criminal appeals. *See Lykos*, 330 S.W.3d at 915; CRIM. PROC. art. 44.03. The dissent also references Section 30.00026, which provides that if the appellate court (county court of criminal appeals) awards a new trial to the appellant, the case stands as if a new trial had been granted by the municipal court of record, and, citing Section 30.00014, suggests this affords the State the opportunity to appeal to this Court pursuant to Section 30.00014's reference to Article 44.01. But nothing in Section 30.00026 references a subsequent appeal to this Court, and, for the reasons stated *supra*, Section 30.00014 does not apply to appeals to this Court.

–12–

the appeal, except that:

(1) the record and briefs on appeal in the appellate court constitute the record and briefs on appeal to the court of appeals unless the rules of the court of criminal appeals provide otherwise; and

(2) the record and briefs shall be filed directly with the court of appeals.

GOV'T § 30.00027(b). We conclude, as our sister court of appeals did in *Pugh*, that Section 30.00027(b) addresses procedural, not jurisdictional, issues, as evidenced by the reference to the record and briefs and the filing thereof, and we do not read it to broaden our jurisdiction beyond that set forth in Section 30.00027(a).

If Section 30.00027(b) broadened the right of appeal to include Article 44.01 of the Code of Criminal Procedure, notwithstanding the legislature's decision not to reference the provision in Section 30.00027, we would have to include—in addition to Article 44.01—Article 44.02, addressing a defendant's right to appeal. With exceptions applicable to plea bargains not relevant here, Article 44.02 affords defendants unrestricted appeals. CRIM. PROC. art. 44.02. And if we applied both Article 44.01 and Article 44.02 to establish our jurisdiction to hear these appeals, then Section 30.00027(a) would be rendered meaningless. In interpreting a statute, we must read it as a whole and construe it to give meaning and purpose to every part. *Ex parte Pruitt*, 551 S.W.2d 706, 709 (Tex. 1977) (orig. proceeding). Courts should avoid constructions that render statutes or portions thereof meaningless. *See Ludwig v. State*, 931 S.W.2d 239, 242 n.9 (Tex. Crim. App. 1996); *Gordon v. State*, 707 S.W.2d 626, 629 (Tex. Crim. App. 1986). Moreover, had the legislature intended

that subsequent appeals to the court of appeals be governed solely and completely by the Code of Criminal Procedure, with only the restrictions in subsections (b)(1) and (2), it could have completely eliminated subsection (a). It did not.

## CONCLUSION

The State has not satisfied either of the paths to review before this Court as set forth in Section 30.00027(a) of the Government Code. Accordingly, this Court lacks jurisdiction over the State's appeal. *See Pugh*, 2022 WL 1793518, at *6. Thus, we dismiss the State's appeal for want of jurisdiction. *See* TEX. R. APP. P. 43.2(f).

/Nancy Kennedy/
NANCY KENNEDY
JUSTICE

Publish
TEX. R. APP. P. 47
220220F.P05

Goldstein, J., dissenting

–14–



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

THE STATE OF TEXAS, Appellant

No. 05-22-00220-CR     V.

WHITNEY S. VILLA, Appellee

On Appeal from the County Criminal Court of Appeals No. 1, Dallas County, Texas
Trial Court Cause No. MC-21-R0003-D.
Opinion delivered by Justice Kennedy. Justices Carlyle and Goldstein participating.

Based on the Court's opinion of this date, the State's appeal is **DISMISSED** for want of jurisdiction.

Judgment entered this 18th day of July, 2023.