Kathryn R. BAILEY, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 05–99–00530–CR, 05–99–00531–CR.

Court of Appeals of Texas,
Dallas.

April 4, 2000.

Michael Shannon Kackley, Office of the City Attorney, Assistant City Attorney, Garland, Tx., for State.

Kathryn Redwine-Bailey, Grand Prairie, pro se.

BEFORE: Justices WHITTINGTON, JAMES, and O'NEILL.

## OPINION

JAMES, J.

Appellant Kathryn R. Bailey was issued traffic citations in the City of Garland for driving a motor vehicle on a public road with an expired inspection certificate and for failure to show proof of financial responsibility. Before the Garland Municipal Court of Record, appellant pleaded not guilty to both charges. In a trial before the court, appellant was found guilty in each case, and the trial court assessed fines of $285 and $89, respectively. The Dallas County Criminal Court of Appeals affirmed appellant's convictions, and appellant now appeals to this Court.

In her brief before the county criminal court of appeals, which is the operative brief before this Court,[1] appellant asserts

---

1. The Garland Municipal Court of Record Act in effect at the time appellant committed these offenses requires that the briefs used in the county criminal court of appeals shall be the briefs used in this Court. *See* TEX. GOV'T CODE ANN. § 30.00910 (repealed). Therefore, we do not consider the briefs filed in this Court but instead consider only the briefs filed with the county criminal court of appeals. Unless otherwise noted, references to the Garland Municipal Court of Record Act will be to the version in effect at the time of the offenses and the proceedings below, which is the version relabeled by Act of May

the following five points of error in each case: (1) the Garland Municipal Court of Record Act is an unconstitutional local law and improperly suspends operation of a general act of the legislature; (2) the Garland Municipal Court of Record Act violates the separation of powers doctrine by failing to provide for a State prosecutor; (3) the Garland Municipal Court of Record Act violates the Texas Constitution by providing that fines and other moneys collected for State offenses be paid for the "use and benefit of the city"; (4) the Dallas County Criminal District Attorney failed to appear for the State; and (5) the municipal court had no jurisdiction because the State failed to file an information. We conclude appellant's points of error lack merit and affirm the judgments of the Dallas County Criminal Court of Appeals.

In her first point of error, appellant contends the Garland Municipal Court of Record Act is an unconstitutional local law and unconstitutionally suspends operation of a general act of the Texas Legislature. Therefore, appellant contends she was denied access to a legally constituted court. We disagree.

■ Appellant first contends that the establishment of the Garland Municipal Court of Record violates article III, section 56 of the Texas Constitution, which provides:

> The Legislature shall not, *except as otherwise provided in this Constitution*, pass any local or special law authorizing:
> ... Regulating the practice or jurisdiction of, or changing the rules of evidence in any judicial proceeding or inquiry before courts....

Tex. Const. art. III, § 56 (emphasis added). We recently rejected a similar argument in *Martin v. State*, 13 S.W.3d 133, 136-39 (Tex.App.—Dallas 2000, no pet. h.)

(holding Irving Municipal Court of Record was not established in violation of Texas Constitution). As we noted in *Martin*, article V, section 1 of the Texas Constitution authorizes the legislature to establish "such other courts" as it deems necessary, including courts limited to a particular geographical jurisdiction. *See id.* at 137; *see also Allison v. State*, 127 Tex.Crim. 322, 76 S.W.2d 527, 528 (1934) (creation of Tarrant County Court at Law No. 1 was not unconstitutional as a local or special law), *appeal dism'd*, 295 U.S. 717, 55 S.Ct. 828, 79 L.Ed. 1672 (1935). Therefore, because a statute limited to the City of Garland for the purpose of establishing courts in the City of Garland was "otherwise provided in this Constitution," the Garland Municipal Court of Record does not violate this provision of article III, section 56. *See Martin*, op. at 137.

■ Appellant also argues that the establishment of the Garland Municipal Court of Record violates the requirement of article III, section 56 that "in all other cases where a general law can be made applicable, no local or special law shall be enacted...." *See* Tex. Const. art. III, § 56. Appellant reads this provision to effectively swallow up the exception discussed above. Appellant cites no authority for her position, and we do not find her argument persuasive. We read the phrase "in all other cases" as a "catch-all" provision added to the laundry list of local and special laws prohibited by article III, section 56. As explained above, local laws establishing courts are exempt from this laundry list by the introductory phrase, "except as otherwise provided by this Constitution." Therefore we do not read the catch-all provision in article III, section 56 to be a limitation on the power to create courts provided to the legislature in article V, section 1. We hold the Garland Munici-

8, 1997 as subchapter X of chapter 30 (§§ 30.00891–.00910) of title 2 of the government code. *See* Act of May 12, 1987, 70th Leg., R.S., ch. 161, § 1, 1987 Tex.Gen.Laws 1322, *amended by* Act of May 28, 1997, 75th Leg., R.S., ch. 1342, 1997 Tex.Gen.Laws

5068, *renumbered by* Act of May 8, 1997, 75th Leg., R.S., ch. 165, § 8.26, 1997 Tex.Gen. Laws 327, 392, *repealed in part and amended by* Act of May 27, 1999, 76th Leg., R.S., ch. 691, §§ 82–85, 139(23), 1999 Tex.Gen.Laws 3263, 3280–81, 3290.

pal Court of Record Act does not violate article III, section 56 of the Texas Constitution.

■ Finally, appellant contends the establishment of the Garland Municipal Court of Record violates article I, section 28, which provides, "No power of suspending laws in this State shall be exercised except by the Legislature." Although appellant fails to specify what law she contends was suspended, presumably she is referring to section 29.002 of the government code, which provides that "[a] municipal court [not of record] is created in each municipality." TEX. GOV'T CODE ANN. § 29.002 (Vernon 1988). Because the Garland Municipal Court of Record Act provides that a municipal court which is not a court of record may not exist concurrently with a municipal court of record,[2] appellant contends the act of creating the current municipal court of record violates article I, section 28 because it "suspended" the law creating the former municipal court. Assuming without deciding that section 29.002 of the government code may fairly be characterized as having been "suspended" by section 30.00892(b), we see no violation of article I, section 28. By its plain language, article I, section 28 prohibits suspension of any law "except by the Legislature." In this case, it was the legislature that provided for municipal courts of record in Garland to replace the former court. Therefore, there was no violation of article I, section 28. In substance, appellant's argument is merely a restatement of her contention that the legislature may not delegate to a municipality various details concerning the implementation of a court system for which the legislature has provided. As we stated in *Martin,* this limited delegation "does not purport to delegate to the city's governing body the legislature's inherent constitutional authority to create or establish whatever judicial system it deems necessary." *Martin,* op.

at 138-39. Appellant's argument lacks merit. We overrule appellant's first point of error.

■ In her second and fourth points of error, appellant generally contends the establishment of the Garland Municipal Court of Record violates article V, section 21 of the Texas Constitution and the principle of separation of powers because it allows the city attorney to act as prosecutor rather than the Dallas County Criminal District Attorney. We also rejected this contention in *Martin.* In *Martin,* we concluded the plain language of article V, section 21 of the Texas Constitution provides that the duties of the district attorney shall be regulated by the legislature and the legislature may provide that a city attorney may act as prosecutor in a municipal court. *Id.* at 139; *see also Aguirre v. State,* No. 0580–98, slip op. at 10, 1999 WL 767794, at *3 (Tex.Crim.App. Sept.29, 1999) ("[i]n the municipal court the city attorney has the right and duty to prosecute"); *City of El Paso v. Alvarez,* 931 S.W.2d 370, 375 (Tex.App.—El Paso 1996, orig. proceeding) ("the City Attorney is not only authorized but is required to conduct ... municipal court prosecutions"), *overruled on other grounds sub nom. Alvarez v. Eighth Court of Appeals,* 977 S.W.2d 590 (Tex.Crim.App.1998) (per curiam). Appellant has provided us with no reason to reconsider our decision in *Martin.* We overrule appellant's second and fourth points of error.

■ In her third point of error, appellant contends the Garland Municipal Court of Record Act violates the Texas Constitution because it authorizes the city to collect fines, fees, costs, and bonds for State offenses and further provides that the money collected is payable for the "use and benefit of the city." Appellant contends this authority constitutes a "grant of public

---

2. *See* Act of May 12, 1987, 70th Leg., R.S., ch. 161, § 1, 1987 Tex.Gen.Laws 1322, *renumbered by* Act of May 8, 1997, 75th Leg., R.S., ch. 165, § 8.26, 1997 Tex.Gen.Laws 327, 392, *repealed by* Act of May 27, 1999, 76th Leg., R.S., ch. 691, § 139(23), 1999 Tex.Gen.Laws 3263, 3291 (former *Tex. Gov't Code Ann.* § 30.00892(b)).

moneys" in violation of article III, section 51 of the Texas Constitution. Article III, section 51 prohibits the legislature from authorizing "any grant of public moneys to any individual, association of individuals, municipal or other corporations whatsoever," with certain exceptions not relevant here. TEX. CONST. art. III, § 51. This provision is intended "to prevent the application of public funds to private purposes; in other words, to prevent the gratuitous grant of such funds to any individual, corporation, or purpose whatsoever." *Edgewood Indep. Sch. Dist. v. Meno*, 917 S.W.2d 717, 740 (Tex.1995) (quoting *Byrd v. City of Dallas*, 118 Tex. 28, 35, 6 S.W.2d 738, 740 (1928)). A transfer of funds for a public purpose, with a clear public benefit received in return, does not amount to a grant of public funds in violation of article III, section 51. *Id.* The Garland Municipal Court of Record Act allows for fines and other moneys collected in connection with the prosecution of class C misdemeanors to be deposited into the city's general fund and spent for the use and benefit of the city. This clearly serves a public purpose by allowing Garland to enforce state law and protect the health and safety of its citizens. Appellant has identified no improper transfer of these moneys which would implicate article III, section 51. Accordingly, Garland's collection and use of money generated by fines, such as those levied against appellant, does not violate the Texas Constitution. We overrule appellant's third point of error.

■ In her fifth point of error, appellant contends the municipal court had no jurisdiction in these cases because the State failed to file an information. At the time of the proceedings below, former article 45.01 of the Texas Code of Criminal Procedure provided that proceedings in municipal court are commenced by the filing of a complaint. Act of May 27, 1965, 59th Leg., R.S., ch. 722, § 1, 1965 Tex.Gen.Laws 317, 521, *amended by* Act of May 29, 1969, 61st Leg., R.S., ch. 520, § 1, 1969 Tex.Gen. Laws 1655, *amended by* Act of May 22, 1982, 71st Leg., R.S., ch. 600, § 1, 1982

Tex.Gen.Laws 1991, *repealed by* Act of May 30, 1999, 76th Leg., R.S., ch. 1545, § 75(a), 1999 Tex.Gen.Laws 5314, 5331; *see also Bell v. State*, 734 S.W.2d 83, 84 (Tex.App.—Austin 1987, no pet.). In fact, a complaint was the only proper charging instrument for use in municipal court. *See Huynh v. State*, 901 S.W.2d 480, 481 n. 3 (Tex.Crim.App.1995), *see also* Act of May 12, 1987, 70th Leg., R.S., ch. 161, § 1, 1987 Tex.Gen.Laws 1322, 1323, *renumbered by* Act of May 8, 1997, 75th Leg., R.S., ch. 165, § 8.26, 1997 Tex.Gen.Laws 327, 392, *repealed by* Act of May 27, 1999, 76th Leg ., R.S., ch. 691, § 139(23), 1999 Tex. Gen.Laws 3263, 3291 (former TEX. GOV'T CODE ANN. § 30.00898) ("A proceeding in a municipal court of record commences with a complaint."). Because the complaints in these cases served as valid charging instruments in the municipal court, the State was not required to file an information or obtain an indictment. *See Bell*, 734 S.W.2d at 84; *see also Ex parte Greenwood*, 165 Tex.Crim. 349, 350, 307 S.W.2d 586, 587 (1957). The filing of the complaint in each case conferred jurisdiction on the municipal court. *See Bell*, 734 S.W.2d at 84; *see also Bass v. State*, 427 S.W.2d 624, 626 (Tex.Crim.App.1968). We overrule appellant's fifth point of error.

We affirm the judgments of the county criminal court of appeals.