# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

═══════════════════
## ON REMAND
═══════════════════

NO. 03-03-00287-CR
NO. 03-03-00288-CR
NO. 03-03-00289-CR
NO. 03-03-00290-CR
NO. 03-03-00291-CR
NO. 03-03-00292-CR
NO. 03-03-00293-CR
NO. 03-03-00294-CR

**The State of Texas, Appellant**

**v.**

**Robert Blankenship, Appellee**

**FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY
NOS. 624903, 624904, 624905, 624906, 624907, 624908, 624909 & 624910
HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING**

## O P I N I O N

This appeal by the State of Texas involves eight judgments, nos. 624903 through 624910, entered in the County Court at Law No. 1 of Travis County, each of which reversed a judgment of conviction in the municipal court of record of the City of Austin.

On original submission, this Court concluded that it was confronted with a jurisdictional question in light of the amended notice of appeal filed by an assistant city attorney. Prior to November 1987, there was a traditional prohibition against the State's right to appeal in a criminal case. *See Pittman v. State*, 829 S.W.2d 897, 898 (Tex. App.—Austin 1992, no pet.). In 1987, the citizens of Texas voted to amend the State Constitution to read: "The State is entitled to appeal in criminal cases as authorized by general law." Tex. Const. art. V, § 26. Article 44.01 of the Code of Criminal Procedure was amended to grant the State an extremely limited right of appeal in certain designated circumstances, including when a court order "arrests or modifies a judgment." Tex. Code Crim. Proc. Ann. art. 44.01(a)(2) (West Supp. 2004-05). The statute provided that the "prosecuting attorney" may not "make" an appeal later than the 15th day after the date on which the court's order, ruling, or sentence was entered. Art. 44.01(d).

The statute further provides:

(i)  In this article, "prosecuting attorney" means the county attorney, district attorney, or criminal district attorney who has the primary responsibility of prosecuting cases in the court hearing the case and does not include an assistant prosecuting attorney.

Tex. Code Crim. Proc. Ann. art. 44.01(i) (West Supp. 2004-05).

It is clear from the statute that a duly authorized subordinate of the "prosecuting attorney" may not "make" an appeal. And we know that "in order for a State's notice of appeal to invoke the Court of Appeals' jurisdiction, it must be timely,[1] it must be in writing,[2] and it must be

---

[1] *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996).

[2] *Shute v. State*, 744 S.W.2d 96, 97 (Tex. Crim. App. 1988).

'made' by the elected prosecuting attorney.[3] *State v. Rieiue*, 13 S.W.3d 408, 411 (Tex. Crim. App. 2000).

The notice of appeal in the instant case was signed and executed by an assistant city attorney and contained the following:

IV.

The County Attorney has consented to the City Attorney prosecuting this appeal under article 45.201 of the Code of Criminal Procedure.[4]

The State's brief acknowledges that the foregoing sentence is "ambiguous." The notice was signed by a person not connected to the county attorney's office. It did not reflect the name of the county attorney or the county and made express reference to article 45.201 but not to

---

[3] *State v. Mueller*, 829 S.W.2d 805, 811-12 (Tex. Crim. App. 1992).

[4] Article 45.201 provides:

(a) All prosecutions in a municipal court shall be conducted by the city attorney of the municipality or by a deputy city attorney.

(b) The county attorney of the county in which the municipality is situated may, if the county attorney so desires, also represent the state in such prosecutions. In such cases, the county attorney is not entitled to receive any fees or other compensation for those services.

(c) With the consent of the county attorney, appeals from municipal court to a county court, county court at law, or any appellate court may be prosecuted by the city attorney or a deputy city attorney.

(d) It is the primary duty of a municipal prosecutor not to convict, but to see that justice is done.

Tex. Code Crim. Proc. Ann. art. 45.201 (West Supp. 2004-05).

article 44.01, which governs the "making" of the State's notice of appeal. Article 45.201(c) permits the city attorney to prosecute appeals from municipal court only "with the consent of the county attorney." The statute has no time limitations and does not require the request or consent to be in writing. It would appear to apply to appeals that have been perfected.

For the reasons set forth in *State v. Blankenship*, 123 S.W.3d 99 (Tex. App.—Austin 2003), this Court found that the notice was not "made" by the county attorney and that this Court lacked jurisdiction to entertain the appeal. The State's petition for discretionary review was granted. Our judgment was reversed and the cause remanded for further proceedings. *State v. Blankenship*, 146 S.W.3d 218, 220 (Tex. Crim. App. 2004). The Court of Criminal Appeals found the city's assertion in the notice of appeal was a written express personal authorization by the county attorney and found the assertion simultaneously complied with article 44.01 as to the notice of appeal and with article 45.201(c) as to authorizing the city attorney to prosecute the appeal. *Id*. at 218-20. Since the Court of Criminal Appeals found that this Court had jurisdiction to hear the State's appeal, we turn to the only point of error before this Court.

**Background**

On April 24, 2002, thirteen complaints were filed against Blankenship in the Austin Municipal Court of Record charging him with violations of certain city ordinances. Each complaint alleged that the offense occurred in the territorial limits of the city of Austin as required by article 45.019(c) of the Code of Criminal Procedure.[5] Trial by jury was waived and Blankenship entered

---

[5] Article 45.019(c) (Requisites of Complaint) provides:

4

a plea of not guilty in each case. The cases were heard on July 17, 2002. Blankenship filed pretrial motions to quash each complaint on the basis that the complaints alleged all the offenses occurred in the territorial limits of the city when in fact the offenses occurred outside the city or its territorial limits. The motions were called to the trial court's attention on the day of trial. After some discussion as to the date of filing, the motions were overruled as being untimely "under local rules." *See also* Tex. Code Crim. Proc. Ann. art. 45.019(f) (West Supp. 2004-05); *cf.* Tex. Code Crim. Proc. Ann. art. 4.14(b) (West 2005) (relating to indictments and informations). The motions to quash are not in the appellate record.

After the State rested its case, Blankenship moved for an instructed judgment of acquittal in each case, *inter alia*, on the basis that the State had failed to prove the allegation that the offenses occurred in the territorial limits of the city but in fact had proved without dispute that the offenses had occurred outside the territorial limits of the city. The trial court asked for "written arguments." We find no ruling on the motions for instructed judgments of acquittal. Blankenship testified and presented his defense. The municipal court acquitted Blankenship of five of the thirteen charges and took the other cases under advisement. On August 22, 2002, the municipal court found Blankenship guilty of five offenses of developing or changing the use of property without first obtaining a site plan approval and release by the city of Austin. Blankenship was also found guilty

---

A complaint filed in municipal court *must* allege that the offense was committed in the territorial limits of the municipality in which the complaint was made.

Tex. Code Crim. Proc. Ann. art. 45.019(c) (West Supp. 2004-05) (emphasis added). Act of May 30, 1999, 76th Leg., R.S., vol. 5, ch. 1545, § 16, 1999 Tex. Gen. Laws 5314, 5317.

of three offenses of failing to observe a stop-work order posted at the site of the property involved. The trial court assessed a $1,000 fine in each of the eight cases.

Blankenship filed a motion for new trial setting forth, *inter alia*, a "point of error"[6] complaining the State failed to prove venue as alleged in each complaint. The motion was overruled. Notice of appeal was given to County Court at Law No. 1 of Travis County. In his appellate brief in county court, Blankenship again raised the contention that venue had not been proven as alleged.

On appeal, the County Court at Law No. 1 of Travis County considered only one of Blankenship's points of error—that being the failure of the State to prove its allegation in each complaint that the offenses occurred in the territorial limits of the city of Austin. The county court in its opinion sustained Blankenship's contention, reversed the eight convictions, and did not reach Blankenship's other points of error.

The county court found that the evidence showed and the parties agreed that the actions giving rise to the alleged offense occurred outside the territorial limits of the city of Austin but inside the city of Austin's extraterritorial jurisdiction as provided in Chapter 42 of the Texas Local Government Code. *See* Tex. Loc. Gov't Code Ann. §§ 42.001, .021(5) (West 1999).

It is clear that the Austin Municipal Court of Record had original exclusive criminal jurisdiction to try violations of certain city ordinances both within the territorial limits of the city and

---

[6] In order to perfect an appeal from a municipal court of record, an appellant must file a motion for new trial setting forth "the points of error of which he complains." *See* Tex. Gov't Code Ann. § 30.00014(c) (West 2004).

6

outside those limits but within a geographical area located within the extraterritorial jurisdiction of the city.[7] The issue is not one of jurisdiction, but failure to prove venue as laid.

The county court recognized the requirement of article 45.019(c) but concluded it was "nonsense" to argue the complaint must allege the offense occurred within the territorial limits of a city when "the truth of the matter is that the offense, if any, occurred in ETJ [extra territorial jurisdiction] of the city." The county court's opinion discussed how in its opinion each complaint should have alleged venue as being in the extraterritorial jurisdiction and the basis for extending the court's reach beyond the territorial limits of the city such as referencing section 401.002(a) of the Texas Local Government Code or other applicable law. The county court concluded that "because the prosecution did not prove an essential element of its case, this prosecution must fail."

In light of Blankenship's point of error, the issue was not whether each complaint properly charged an offense. Each complaint did charge an offense and was sufficient on its face to invoke the jurisdiction of the Austin Municipal Court of Record. Further, the issue was not the proper manner of pleading each offense. The sole issue is the consequence of the failure of the prosecution to prove venue as laid under the particular circumstances of these cases.

_____

[7] A municipal court of record has criminal jurisdiction over misdemeanors punishable by a fine only. *See* Tex. Code Crim. Proc. Ann. arts. 4.01, 4.14 (West 2005); Tex. Gov't Code Ann. §§ 29.003(a), 30.00005(a), (b) (West 2004). It is observed that said section 30.00005(a), (b) provides a municipal court of record the jurisdiction provided by general law for a regular, non-record municipal court and jurisdiction over criminal cases arising under ordinance authorized by sections 215.072, 217.042, 34.1903, and 401.002 of the Texas Local Government Code. *See generally Threadgill v. State*, 275 S.W.2d 658 (Tex. Crim. App. 1954).

The State has appealed the judgments of reversal to this Court. The State concedes the failure to prove the venue allegation but contends that the error was harmless and the convictions must stand.

**Venue**

Venue is distinct from jurisdiction. *Skillern v. State*, 890 S.W.2d 849, 859 (Tex. App.—Austin, 1994, pet. ref'd). The terms are not synonymous. *Martin v. State*, 385 S.W.2d 260, 261 (Tex. Crim. App. 1964). Jurisdiction is the authority or power conferred upon a court by the constitution and laws of the State that allows a court to hear and try a case. *Riewe*, 13 S.W.3d at 410; *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996); *Ex parte Watson*, 601 S.W.2d 350, 351; *Skillern*, 890 S.W.2d at 859. Venue means the place where the case may be tried. *Soliz v. State*, 97 S.W.3d 137, 141 (Tex. Crim. App. 2003); *Thomas v. State*, 699 S.W.2d 845, 854 (Tex. Crim. App. 1975); *Skillern*, 890 S.W.2d at 859. At common law, venue meant the neighborhood, place, or county in which the injury is declared to have been done or in fact declared to have happened. Black's Law Dictionary 1557 (6th ed. 1991); *Soliz*, 97 S.W.3d at 141. Venue denotes locality, and its prevailing meaning is the place of trial, the geographical location in which an action or proceeding should be brought to trial. 92 C.J.S. *Venue* § 2.

Venue is not a constituent element of the offense charged. *Skillern*, 890 S.W.2d at 860; *see also Henley v. State*, 98 S.W.3d 732, 734 (Tex. App.—Waco 2003, pet. ref'd); 40 Dix § 2.82 (citing *Fairfield v. State*, 610 S.W.2d 771, 779 (Tex. Crim. App. 1981)). Venue must be proved only by a preponderance of the evidence. *See* Tex. Code Crim. Proc. Ann. art. 13.17 (West 2005); *Banks v. State*, 530 S.W.2d 940, 943 (Tex. Crim. App. 1975); *Gonzales v. State*, 734 S.W.2d

8

140, 142 (Tex. App.—Austin 1990, no pet.). The failure of proof of venue by the prosecution does not negate the guilt of the accused. *Fairfield*, 610 S.W.2d at 779. It is presumed that venue was proved at trial unless disputed at trial or the record affirmatively shows the contrary. *See* Tex. R. App. 44.2(c)(1).[8] It must be remembered, however, that if the issue of venue is timely raised, reversible error may result from the failure to prove venue as laid in the charging instrument. *See Black v. State*, 645 S.W.2d 789, 791 (Tex. Crim. App. 1983); *cf. Sander v. State*, 52 S.W.3d 909, 917 (Tex. App.—Beaumont 2001, pet. ref'd).

With this background, we turn to the variance between the venue alleged and the venue proven. The failure to prove venue as laid in each complaint was error. Was it harmless error or reversible error? The State relies upon *Gollihar v. State*, 46 S.W.3d 243 (Tex. Crim. App. 2001), claiming that there was only an immaterial variance that did not prejudice Blankenship's substantial rights. *Id*. at 248. The State acknowledges that the venue actually proved was outside the city limits but in a geographical area within the extraterritorial jurisdiction of the city in Travis County, State of Texas, and over which the Austin Municipal Court of Record had exclusive criminal jurisdiction to try violations of certain city ordinances. Hence, the variance between the venue alleged and the venue proven was immaterial regarding Blankenship's substantial rights.

Normally, variance claims are treated as sufficiency of the evidence problems. *Id*. at 247. A state review[9] of the sufficiency of the evidence is measured by the elements of the offense

---

[8] The presumption is clearly not applicable in the instant case.

[9] In *Gollihar v. State*, 465 S.W.3d 243 (Tex. Crim. App. 2001), the court created a dichotomy between federal and state review. *See Smith v. State*, 135 S.W.3d 259, 262 (Tex. App.—Texarkana 2004, no pet.). In *Fuller v. State*, 93 S.W.3d 250, 252 (Tex. Crim. App. 2002), the Court of Criminal Appeals recognized that the *Gollihar* standard was clearly not the same as the

as defined by the hypothetically correct charge for the case. *Id*. at 253 (citing *Malik v. State*, 953 S.W.2d 234 (Tex. Crim. App. 1987)). The *Malik* test is also applicable to non-jury or bench trials. *Malik*, 953 S.W.2d at 240.

As observed earlier, venue is not a constituent element of the offense. It need only be proved by the preponderance of the evidence, and the failure to prove venue does not negate the guilt of the defendant. The *Gollihar* construct does not apply to the issue here presented. We reject the State's argument that it does.

Blankenship relies upon *Black v. State*, 645 S.W.2d 789, 791 (Tex. Crim. App. 1983) for the proposition that when venue is made an issue in the trial court, the failure to prove venue constitutes reversible error. The failure to prove venue in Smith County as laid in the *Black* indictment resulted in a summary reversal of the conviction. *Black* has been repeatedly cited with approval, *e.g.*, *Edwards v. State*, 97 S.W.3d 279, 285 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd); *Sander v. State*, 52 S.W.3d 909, 917 (Tex. App.—Beaumont 2001, pet. ref'd); *Williams v. State*, 924 S.W.2d 189, 191 (Tex. App.—Houston [1st Dist.] 1996, pet. ref'd); *Sixta v. State*, 875 S.W.2d 17, 18 (Tex. App.—Houston [1st Dist.] 1994, pet. ref'd); *O'Hara v. State*, 837 S.W.2d 139, 142-43 (Tex. App.—Austin 1992, pet. ref'd). In most cases citing *Black*, however, venue was proven as alleged by direct or circumstantial evidence or venue was presumed under Rule 44.2(c)(1) of the Texas Rules of Appellate Procedure. We have not found in recent cases a discussion of *Black's* summary reversal approach.

---

*Jackson v. Virginia*, 443 U.S. 307, 319 (1979) standard of measuring evidence sufficiency against the substantive elements of the criminal offense as defined by state law.

*Black* was decided before the adoption of the Texas Rules of Appellate Procedure and its harmless error analysis provisions. Rule 44.2(a), (b) provide:

> (a) *Constitutional Error*. If the appellate record in a criminal case reveals constitutional error that is subject to harmless error review, the court of appeals must reverse a judgment of conviction or punishment unless the court determines beyond a reasonable doubt that the error did not contribute to the conviction or punishment.

> (b) *Other Errors*. Any other error, defect, irregularity, or variance that does not affect substantial rights must be disregarded.

Tex. R. App. P. 44.2(a), (b).

In *Cain v. State*, 947 S.W.2d 262 (Tex. Crim. App. 1997), the Court of Criminal Appeals wrote:

> Except for certain federal constitutional errors labeled by the United States Supreme Court as "structural," no error, whether it relates to jurisdiction, voluntariness of a plea, or any other mandatory requirement, is categorically immune to a harmless error analysis. . . . [A]ppellate courts should not automatically foreclose the application of the harmless error test to certain categories of error. Where an error is shown to be harmless, it is not a ground for reversal, regardless of the category or label attached to that particular error.

*Id*. at 264.

It is clear that the failure to prove venue when the issue is raised at trial is now subject to a harm analysis rather than an automatic reversal of the conviction. Is the error in failing to prove venue in the instant case a constitutional or non-constitutional error for harm analysis purposes? We believe that *Bath v. State*, 951 S.W.2d 11 (Tex. App.—Corpus Christi 1997, pet. ref'd) answers the question:

11

The "vicinage"[10] provision of the Sixth Amendment stipulates that in all criminal prosecutions, the accused shall be tried by an impartial jury of the State "and district wherein the crime shall have been committed, which district shall have been previously ascertained by law. . . ." U. S. Const., amend. VI. Neither federal nor state authorities, however, currently require application of this clause to state prosecutions. *See Cook v. Morrill*, 783 F.2d 593, 595 (5th Cir. 1986); *Martin v. Beto*, 397 F.2d 741, 748 (5th Cir. 1968), *cert. denied*, 394 U.S. 906, 89 S. Ct. 1008, 22 L. Ed. 2d 216 (1969); *State v. Paiz*, 817 S.W.2d 84, 85 (Tex. Crim. App. 1991); *but see Paiz*, 817 S.W.2d at 86 (assuming, *arguendo*, that it did apply). We therefore hold that no error in relation to the vicinage provision of the Sixth Amendment was committed in the transfer of appellant's case from Webb to Nueces County. Point of error ten is overruled.

*Id.* at 19. *See also Garza v. State*, 974 S.W.2d 251, 259 (Tex. App.—San Antonio 1998, pet. ref'd).

We must determine the harm of the non-constitutional error on the basis of whether it affected Blankenship's substantial rights. *See* Tex. R. App. P. 44.2(b). A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict or the fact-finder's decision. *See King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997); *Rankin v. State*, 995 S.W.2d 210, 215 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd). A criminal conviction should not be overturned for non-constitutional error if the reviewing court, after examining the record as a whole, has a fair assurance that the error did not influence the fact-finder, or had slight effect. *Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998); *Lemmons v. State*, 75 S.W.3d 513, 525 (Tex. App.—San Antonio 2002, pet. ref'd).

---

[10] "Vicinage" means "1. vincinity; proximity. 2. The place where the crime is committed, or a trial is held; the place from which jurors are to be drawn for trial use, the locale from which the accused is entitled to have jurors selected." Black's Law Dictionary 7th ed. at 1561.

In our harm analysis, we examine certain factors which are not exclusive. *See Orana v. State*, 791 S.W.2d 125, 130 (Tex. Crim. App. 1990). The source of the error was article 45.019(c) which mandatorily required the prosecution to allege the offense occurred within the territorial limits of the municipality. The nature of the error was the failure to prove venue as laid. Each complaint expressly referred to the State of Texas, Travis County, and the City of Austin. Each complaint contained a legal description of the property involved. The description placed the property outside the city limits but within the extraterritorial area of the city of Austin over which geographical area in Travis County the Austin Municipal Court of Record had sole criminal jurisdiction to try violations of certain city ordinances. Such legal description should have alerted Blankenship and given notice that the offenses concerning the property occurred outside the city. Blankenship's counsel filed motions to quash the complaints on the basis of misallegation of venue. Counsel argued that if any witness testified the property was within the city limits, the witness would be guilty of perjury. The motions were overruled as being untimely filed. It does not appear Blankenship was misled by the improper venue allegation. The State's witnesses and Blankenship all testified the property was outside the city limits. The State did not emphasize the error.

There is no showing that Blankenship was prevented from presenting a defense, including his own designated "1704" defense that the property had been "grandfathered in" by earlier law and was exempt from the application of city ordinances.

Further, holding the error harmless will not encourage the State to repeat with impunity. The State is burdened with article 45.019(c) until a legislative revision occurs. The issue of venue is not an element of the offenses alleged and falls outside the protection of the Double

13

Jeopardy Clause. If there was a reversal here for the failure to prove venue as alleged, no prohibition exists against reprosecution. *See Martin*, 135 S.W.2d at 261; *O'Hara*, 837 S.W.2d at 143; 40 Dix § 2.83. A reversal would not accord Blankenship protection from a retrial.

An examination of the record as a whole in this bench trial gives us fair assurance that the error did not influence the trial judge. *See Scaggs v. State*, 18 S.W.3d 277, 290 (Tex. App.—Austin 2000, pet. ref'd).

Like the County Court at Law No. 1 of Travis County, we find that there was error in the failure to prove venue as laid, but unlike that court, we have performed a harm analysis and have concluded that the non-constitutional error is harmless. *See* Tex. R. App. P. 44.2(b).

The judgments of the County Court at Law No. 1 of Travis County are reversed and the causes are remanded to that court for consideration of Blankenship's other points of error.

_____

John F. Onion, Jr., Justice

Before Chief Justice Law, Justices Puryear and Onion[*]

Reversed and Remanded

Filed: June 29, 2005

Publish

---

[*] Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by assignment. *See* Tex. Gov't Code Ann. § 74.003(b) (West 1998).