Daniel Lee SCHINZING, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 10–06–00146–CR, 10–06–00147–CR.

Court of Appeals of Texas, Waco.

Aug. 8, 2007.

---

1. I also do not believe there was an effective tender of the funds necessary to redeem the property.

Daniel Lee Schinzing, Keene, TX, pro se.

Bill Moore, County Attorney for Johnson County, Cleburne, TX, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

**OPINION**

FELIPE REYNA, Justice.

Daniel Lee Schinzing was convicted in municipal court of two traffic violations. He appealed to the statutory county court where he was again convicted following a trial de novo before the court. Schinzing claims in his sole issue in each appeal that neither the municipal court nor the county court had jurisdiction because he was not charged by indictment or information. We disagree and will affirm.

Schinzing places primary reliance on article V, section 12(b) of the Texas Constitution which provides in pertinent part, "The presentment of an indictment or information to a court invests the court with jurisdiction of the cause." Tex. Const. art. V, § 12(b). Schinzing contends that this provision necessarily means that no other charging instrument is sufficient to invoke the jurisdiction of a municipal or county court in a Class C misdemeanor case. However, the Court of Criminal Appeals has never so held, and the plain language of this constitutional provision does not support Schinzing's contention. Resolution of Schinzing's complaint requires a review of the jurisdictional structure of criminal trial courts in Texas.

With certain exceptions not here applicable, only a district court or a criminal district court has original jurisdiction in a felony case. *Id.* art. 4.05 (Vernon 2005). Constitutional county courts and statutory county courts with criminal jurisdiction [1] "have original jurisdiction of all misdemeanors of which exclusive original jurisdiction is *not* given to the justice court,

---

1. A constitutional county court "has jurisdiction as provided by law." Tex. Const. art. V, § 16. The legislature is authorized by the Texas Constitution to "establish such other courts as it may deem necessary and prescribe the jurisdiction and organization thereof, and may conform the jurisdiction of the district and other inferior courts thereto." *Id.* art. V, § 1. Thus, the legislature created statutory county courts which generally have "jurisdiction over all causes and proceedings, civil and criminal, original and appellate, prescribed by law for county courts." Tex. Gov't Code Ann. § 25.0003(a) (Vernon Supp.2006).

and when the fine to be imposed shall exceed five hundred dollars." *Id.* art. 4.07 (Vernon 2005). These county courts also "have appellate jurisdiction in criminal cases of which justice courts and other inferior courts have original jurisdiction." *Id.* art. 4.08 (Vernon 2005).

Justice courts have original jurisdiction in criminal cases:

(1) punishable by fine only or punishable by:

(A) a fine; and

(B) as authorized by statute, a sanction not consisting of confinement or imprisonment; or

(2) arising under Chapter 106, Alcoholic Beverage Code, that do not include confinement as an authorized sanction.[2]

*Id.* art. 4.11 (Vernon 2005) (footnote added).

Municipal courts "have exclusive original jurisdiction within the territorial limits of the municipality in all criminal cases that:

(1) arise under the ordinances of the municipality; and

(2) are punishable by a fine not to exceed:

(A) $2,000 in all cases arising under municipal ordinances that govern fire safety, zoning, or public health and sanitation, including dumping of refuse; or

(B) $500 in all other cases arising under a municipal ordinance."

*Id.* art. 4.14(a) (Vernon 2005); *see also* TEX. GOV'T CODE ANN. § 29.003(a) (Vernon 2004). Municipal courts also share concurrent original jurisdiction with justice courts in all criminal cases that:

(1) arise within the territorial limits of the municipality and are punishable by fine only; or

(2) arise under Chapter 106, Alcoholic Beverage Code, and do not include confinement as an authorized sanction.

TEX.CODE CRIM. PROC. ANN. art. 4.14(b) (Vernon 2005); *see also* TEX. GOV'T CODE ANN. § 29.003(b) (Vernon 2004).

There are three types of charging instruments which invoke the criminal jurisdiction of these various courts-an indictment, an information, and a complaint. *Huynh v. State*, 901 S.W.2d 480, 481 n. 3 (Tex.Crim.App.1995). Unless waived, an indictment is required by the Texas Constitution and by statute to charge a person with a felony. TEX. CONST. art. I, § 10; TEX.CODE CRIM. PROC. ANN. art. 1.05 (Vernon 2005); *Cook v. State*, 902 S.W.2d 471, 475 (Tex.Crim.App.1995) ("[t]he filing of an indictment is essential to vest the trial court with jurisdiction over a felony offense"); *see also* TEX.CODE CRIM. PROC. ANN. art. 1.141 (Vernon 2005) (providing for waiver of indictment in non-capital felony). Otherwise, an information is required to invoke the jurisdiction of a district or county court in a criminal case. *See* TEX. CONST. art. V, § 12(b).

■ The original criminal jurisdiction of a justice or municipal court is invoked by the filing of a complaint.[3] *See Huynh*, 901 S.W.2d at 481 n. 3 ("A complaint serves as the sole charging instrument in municipal court."); *State v. Blankenship*, 170 S.W.3d 676, 681 (Tex.App.-Austin 2005, pet. ref'd) ("Each complaint did charge an offense and was sufficient on its face to invoke the jurisdiction of the Austin Municipal Court of Record."); *Bailey v. State*, 15 S.W.3d

---

2. Chapter 106 of the Alcoholic Beverage Code governs offenses involving minors and alcoholic beverages. *See* TEX. ALCO. BEV.CODE ANN. §§ 106.01–.015 (Vernon 2007).

3. According to Schinzing, *Huynh* "emphatically and specifically *prohibits the use of a complaint* as a charging instrument." He is incorrect.

622, 626 (Tex.App.-Dallas 2000, no pet.) ("The filing of the complaint in each case conferred jurisdiction on the municipal court."). This rule finds further support in article 45.018(a) of the Code of Criminal Procedure which provides, "For purposes of this chapter,[4] a complaint is a sworn allegation charging the accused with the commission of an offense." TEX.CODE CRIM. PROC. ANN. art. 45.018(a) (Vernon 2006) (footnote added).

■ Here, the Municipal Court of Cleburne exercised jurisdiction over the charges against Schinzing under the concurrent jurisdiction provisions of article 4.14(b) of the Code of Criminal Procedure and section 29.003(b) of the Government Code. Thus, the original jurisdiction of the municipal court was invoked by the filing of the complaints against Schinzing. *See Huynh,* 901 S.W.2d at 481 n. 3; *Blankenship,* 170 S.W.3d at 681; *Bailey,* 15 S.W.3d at 626; *see also* TEX.CODE CRIM. PROC. ANN. art. 45.018(a).

■ Schinzing also contends that the filing of the municipal court complaints in the statutory county court was insufficient to invoke the appellate jurisdiction of the latter court.

The county court had "appellate jurisdiction" over these cases. *See* TEX.CODE CRIM. PROC. ANN. art. 4.08. Various provisions in Chapters 44 and 45 of the Code of Criminal Procedure govern such appeals. According to these statutes:

(1) unless brought from a municipal court of record,[5] such appeals "shall be de novo" in the county court; *see id.* arts. 44.17, 45.042(b) (Vernon 2006);

(2) such appeals are perfected by the filing of an appeal bond within ten days after entry of judgment; *see id.* art. 45.0426 (Vernon 2006);

(3) the "appellate record" in such cases consists of "all the original papers in the case, together with the appeal bond, if any, and together with a certified transcript of all the proceedings had in the case." *See id.* art. 44.18 (Vernon 2006).

Thus, the appellate criminal jurisdiction of a county court is invoked by the filing of an appeal bond, not by the filing of an indictment or information. *See id.* art. 45.0426.

Here, Schinzing invoked the appellate criminal jurisdiction of the statutory county court by filing appeal bonds in these cases. No action was necessary on the State's part to invoke the court's jurisdiction.

Accordingly, we overrule Schinzing's sole issue and affirm the judgments.

Chief Justice GRAY concurring.

---

4. Chapter 45 of the Code of Criminal Procedure governs "[c]riminal proceedings in the justice and municipal courts." TEX.CODE CRIM. PROC. ANN. art. 45.002 (Vernon 2006).

5. Municipal courts of record are provided for by Chapter 30 of the Government Code. A municipality may choose to have either a "municipal court" or a "municipal court of record" but not both. *See* TEX. GOV'T CODE ANN. § 30.00003(e) (Vernon 2004). A primary distinction between these types of municipal courts is that a "municipal court" established under section 29.002 of the Government Code is not a court of record. Thus, an appeal

from such a municipal court is necessarily by trial de novo because there is no "trial record" for the county court to consider on appeal. *See State v. Blankenship,* 170 S.W.3d 676, 680 n. 7 (Tex.App.-Austin 2005, pet. ref'd); *Tweedie v. State,* 10 S.W.3d 346, 348 (Tex.App.-Dallas 1998, no pet.). By comparison, an appeal from a municipal court of record must be "based only on errors reflected in the record." TEX.CODE CRIM. PROC. ANN. art. 44.17 (Vernon 2006); *see also* TEX. GOV'T CODE ANN. § 30.00014(b) (Vernon Supp. 2006).

TOM GRAY, Chief Justice, concurring.

By this Court's majority opinion we do not answer this pro se appellant's issue: Whether the use of a complaint to purportedly invoke the jurisdiction of a municipal court is foreclosed under the Texas Constitution which provides only for indictments and informations. The Texas Constitution, however, does not make indictments and informations the exclusive means to invoke a court's jurisdiction in a criminal case. The Texas Constitution authorizes the creation of other courts and to "prescribe the jurisdiction and organization thereof." TEX. CONST. art. V, § 16. Under this additional provision, the Constitution authorized the creation of other courts and provided the legislature could also set their jurisdiction and how they would be organized within the other courts. Unless otherwise expressly excluded, this would necessarily include an implied authorization for the legislature to specify how that court's jurisdiction was invoked and how its decisions would be reviewed. So the answer to the issue presented is that article V, section 12(b) of the Texas Constitution does not foreclose the legislature from utilizing other means to invoke statutorily-created court's criminal jurisdiction, and the manner in which those courts are organized for the review of their decisions. The legislature has done so as more fully described in the Court's opinion.