IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00146-CR

No. 10-06-00147-CR

 

Daniel Lee Schinzing,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the County Court at Law No.
1

Johnson County, Texas

Trial Court Nos. T200501478 and T200501479

 



Opinion



 








Daniel Lee Schinzing was convicted in municipal
court of two traffic violations.  He appealed to the statutory county court
where he was again convicted following a trial de novo before the court. 
Schinzing claims in his sole issue in each appeal that neither the municipal
court nor the county court had jurisdiction because he was not charged by
indictment or information.  We disagree and will affirm.

Schinzing places primary reliance on article V,
section 12(b) of the Texas Constitution which provides in pertinent part, “The
presentment of an indictment or information to a court invests the court with
jurisdiction of the cause.”  Tex. Const.
art. V, § 12(b).  Schinzing contends that this provision necessarily means that
no other charging instrument is sufficient to invoke the jurisdiction of a
municipal or county court in a Class C misdemeanor case.  However, the Court of
Criminal Appeals has never so held, and the plain language of this
constitutional provision does not support Schinzing’s contention.  Resolution
of Schinzing’s complaint requires a review of the jurisdictional structure of
criminal trial courts in Texas.

With certain exceptions not here applicable, only
a district court or a criminal district court has original jurisdiction in a
felony case.  Id. art. 4.05 (Vernon 2005).  Constitutional county courts
and statutory county courts with criminal jurisdiction[1]
“have original jurisdiction of all misdemeanors of which exclusive original
jurisdiction is not given to the justice court, and when the fine to be imposed
shall exceed five hundred dollars.”  Id. art. 4.07 (Vernon 2005).  These
county courts also “have appellate jurisdiction in criminal cases of which
justice courts and other inferior courts have original jurisdiction.”  Id. art. 4.08 (Vernon 2005).

 Justice courts have original jurisdiction in
criminal cases:

(1) punishable by fine only or punishable by:

 

(A) a fine; and

 

(B) as authorized by statute, a sanction not
consisting of confinement or imprisonment; or

 

(2) arising under Chapter 106, Alcoholic Beverage
Code, that do not include confinement as an authorized sanction.[2]

 

Id.
art. 4.11 (Vernon 2005) (footnote added).

            Municipal courts “have exclusive
original jurisdiction within the territorial limits of the municipality in all
criminal cases that:

            (1)
arise under the ordinances of the municipality; and

 

            (2)
are punishable by a fine not to exceed:

 

(A) $2,000 in all cases arising under municipal
ordinances that govern fire safety, zoning, or public health and sanitation,
including dumping of refuse; or

 

                        (B)
$500 in all other cases arising under a municipal ordinance.”

 

Id.
art. 4.14(a) (Vernon 2005); see also Tex.
Gov’t Code Ann. § 29.003(a) (Vernon 2004).  Municipal courts also share
concurrent original jurisdiction with justice courts in all criminal cases
that:

(1) arise within the territorial limits of the
municipality and are punishable by fine only;  or

 

(2) arise under Chapter 106, Alcoholic Beverage
Code, and do not include confinement as an authorized sanction.

 

Tex. Code Crim. Proc. Ann. art. 4.14(b) (Vernon 2005); see also Tex. Gov’t Code Ann. § 29.003(b)
(Vernon 2004).

            There are three types of charging
instruments which invoke the criminal jurisdiction of these various courts—an
indictment, an information, and a complaint.  Huynh v. State, 901 S.W.2d
480, 481 n.3 (Tex. Crim. App. 1995).  Unless waived, an indictment is required
by the Texas Constitution and by statute to charge a person with a felony.  Tex. Const.  art. I, § 10; Tex. Code Crim. Proc. Ann. art. 1.05
(Vernon 2005); Cook v. State, 902 S.W.2d 471, 475 (Tex. Crim. App. 1995)
(“[t]he filing of an indictment is essential to vest the trial court with
jurisdiction over a felony offense”); see also Tex. Code Crim. Proc. Ann. art. 1.141 (Vernon 2005)
(providing for waiver of indictment in non-capital felony).  Otherwise, an
information is required to invoke the jurisdiction of a district or county
court in a criminal case.  See Tex.
Const.  art. V, § 12(b).

            The original criminal jurisdiction of
a justice or municipal court is invoked by the filing of a complaint.[3] 
See Huynh, 901 S.W.2d at 481 n.3 (“A complaint serves as the sole
charging instrument in municipal court.”); State v. Blankenship, 170
S.W.3d 676, 681 (Tex. App.—Austin 2005, pet. ref’d) (“Each complaint did charge
an offense and was sufficient on its face to invoke the jurisdiction of the
Austin Municipal Court of Record.“); Bailey v. State, 15 S.W.3d 622, 626
(Tex. App.—Dallas 2000, no pet.) (“The filing of the complaint in each case
conferred jurisdiction on the municipal court.“).  This rule finds further
support in article 45.018(a) of the Code of Criminal Procedure which provides,
“For purposes of this chapter,[4] a
complaint is a sworn allegation charging the accused with the commission of an
offense.”  Tex. Code Crim. Proc. Ann.
art. 45.018(a) (Vernon 2006) (footnote added).

            Here, the Municipal Court of Cleburne
exercised jurisdiction over the charges against Schinzing under the concurrent
jurisdiction provisions of article 4.14(b) of the Code of Criminal Procedure
and section 29.003(b) of the Government Code.  Thus, the original jurisdiction
of the municipal court was invoked by the filing of the complaints against
Schinzing.  See Huynh, 901 S.W.2d at 481 n.3; Blankenship, 170
S.W.3d at 681; Bailey, 15 S.W.3d at 626; see also Tex. Code Crim. Proc. Ann. art.
45.018(a).

            Schinzing also contends that the
filing of the municipal court complaints in the statutory county court was
insufficient to invoke the appellate jurisdiction of the latter court.

            The county court had “appellate
jurisdiction” over these cases.  See Tex.
Code Crim. Proc. Ann. art. 4.08.  Various provisions in Chapters 44 and
45 of the Code of Criminal Procedure govern such appeals.  According to these
statutes:

(1)              
unless brought from a
municipal court of record,[5] such
appeals “shall be de novo” in the county court; see id. arts. 44.17,
45.042(b) (Vernon 2006);

 

(2)              
such appeals are perfected by
the filing of an appeal bond within ten days after entry of judgment; see
id. art. 45.0426 (Vernon 2006);

 

(3)              
the “appellate record” in such
cases consists of “all the original papers in the case, together with the
appeal bond, if any, and together with a certified transcript of all the
proceedings had in the case.”  See id. art. 44.18 (Vernon 2006).

 

Thus, the appellate criminal jurisdiction of a
county court is invoked by the filing of an appeal bond, not by the filing of
an indictment or information.  See id. art. 45.0426.

            Here, Schinzing invoked the appellate
criminal jurisdiction of the statutory county court by filing appeal bonds in
these cases.  No action was necessary on the State’s part to invoke the court’s
jurisdiction.

Accordingly, we overrule Schinzing’s sole issue
and affirm the judgments.

 

FELIPE REYNA

Justice

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

(Chief
Justice Gray concurring)

Affirmed

Opinion delivered and
filed August 8, 2007

Publish

[CR25]









[1]
              A constitutional county court
“has jurisdiction as provided by law.”  Tex.
Const.  art. V, § 16.  The legislature is authorized by the Texas
Constitution to “establish such other courts as it may deem necessary and
prescribe the jurisdiction and organization thereof, and may conform the
jurisdiction of the district and other inferior courts thereto.”  Id. art. V, § 1.  Thus, the legislature created statutory county courts which
generally have “jurisdiction over all causes and proceedings, civil and
criminal, original and appellate, prescribed by law for county courts.”  Tex. Gov’t Code Ann. § 25.0003(a) (Vernon Supp. 2006).

 

                  





[2]
              Chapter 106 of the Alcoholic
Beverage Code governs offenses involving minors and alcoholic beverages.  See
Tex. Alco. Bev. Code Ann. §§ 106.01-.015
(Vernon 2007).





[3]
              According to Schinzing, Huynh
“emphatically and specifically prohibits the use of a complaint as
a charging instrument.”  He is incorrect.

 





[4]
              Chapter 45 of the Code of
Criminal Procedure governs “[c]riminal proceedings in the justice and municipal
courts.”  Tex. Code Crim. Proc. Ann.
art. 45.002 (Vernon 2006).

 





[5]
          Municipal courts
of record are provided for by Chapter 30 of the Government Code.  A
municipality may choose to have either a “municipal court” or a “municipal
court of record” but not both.  See Tex.
Gov’t Code Ann. § 30.00003(e) (Vernon 2004).  A primary distinction
between these types of municipal courts is that a “municipal court” established
under section 29.002 of the Government Code is not a court of record.  Thus, an
appeal from such a municipal court is necessarily by trial de novo because
there is no “trial record” for the county court to consider on appeal.  See
State v. Blankenship, 170 S.W.3d 676, 680 n.7 (Tex. App.—Austin 2005, pet.
ref’d); Tweedie v. State, 10 S.W.3d 346, 348 (Tex. App.—Dallas 1998, no
pet.).  By comparison, an appeal from a municipal court of record must be “based
only on errors reflected in the record.”  Tex.
Code Crim. Proc. Ann. art. 44.17 (Vernon 2006); see also Tex. Gov’t Code Ann. § 30.00014(b) (Vernon Supp. 2006).