May 26, 2010

The Honorable Joe Deshotel
Chair, Committee on Business & Industry
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. GA-0779

Re: Authority of Spindletop Mental Health Mental Retardation Services to sell or lease certain real property under House Bill 1759 and House Bill 1023 (RQ-0845-GA)

Dear Representative Deshotel:

You seek our opinion about the authority of Spindletop Mental Health Mental Retardation Services ("Spindletop") to sell or lease certain real property under two recent legislative enactments.[1]

House Bill 1759, enacted by the Eightieth Legislature, authorizes the transfer of a parcel of property from the Health and Human Services Commission, the Department of State Health Services, or the Department of Aging and Disability Services to Spindletop for nonmonetary consideration.[2] House Bill 1759 provides that the consideration for the land transfer

> shall be in the form of an agreement between the parties that requires Spindletop MHMR Services to use the property in a manner that primarily promotes a public purpose of the state by using the property to provide community-based mental health or mental retardation services.

House Bill 1759, *supra* note 2, § 1(c), at 3589. House Bill 1023, enacted by the Eighty-first Legislature, authorizes an agreement between the parties to be amended to expand the uses of the transferred property.[3] Under such an amended agreement, Spindletop is to "use the property in a manner that primarily promotes a public purpose of the state by using the property to provide community-based physical health, health-related, mental health, or mental retardation services."

---

[1]*See* Request Letter at 1 (*available at* http://www.texasattorneygeneral.gov).

[2]*See* Act of May 23, 2007, 80th Leg., R.S., ch. 1036, § 1, 2007 Tex. Gen. Laws 3589, 3589–90 [hereinafter House Bill 1759].

[3]*See* Act of May 21, 2009, 81st Leg., R.S., ch. 339, § 1, 2009 Tex. Gen. Laws 873, 873 [hereinafter House Bill 1023].

House Bill 1023, *supra* note 3, § 1(c), at 873. Both House Bill 1759 and House Bill 1023 provide that in the event the property is not used by Spindletop in the manner specified for more than 180 continuous days, ownership of the property automatically reverts to the state entity that transferred the property to Spindletop. *See* House Bill 1759, *supra* note 2, § 1(c), at 3589; House Bill 1023, *supra* note 3, § 1(c-1), at 873.

You tell us that Spindletop operates facilities on only a portion of the property and "desires to either sell or execute a long-term lease of the [property] or a portion thereof and use the proceeds [therefrom] to provide community-based physical health, health-related, mental health, or mental retardation services." Request Letter at 2. You claim that the phrase "use the property" is ambiguous and could be construed to include authority to sell or lease the property and apply the proceeds to the specified services or it could be construed to require Spindletop to maintain possession of all portions of the property. *Id.* Thus, you ask whether Spindletop is authorized, under House Bill 1759 and House Bill 1023, to sell or to execute a long-term lease of a portion of the transferred property. *See id.* at 1, 3. We consider Spindletop's authority under only House Bill 1759 and House Bill 1023.

The primary objective when construing a legislative enactment is to give effect to the Legislature's intent. *Hernandez v. Ebrom*, 289 S.W.3d 316, 318 (Tex. 2009). We look first to the enactment's language in attempting to understand that intent. *Leland v. Brandal*, 257 S.W.3d 204, 206 (Tex. 2008). We also consider the enactment as a whole rather than its isolated provisions. *Helena Chem. Co. v. Wilkins*, 47 S.W.3d 486, 493 (Tex. 2001).

Though the term "use" by itself has numerous definitions and in some contexts could be construed broadly as you suggest, the mere fact that the term is capable of different meanings does not make the two bills ambiguous. *See DeLeon v. State*, 294 S.W.3d 742, 747 (Tex. App.—Amarillo 2009, pet. ref'd) ("A statute is ambiguous when it is capable of being understood by reasonably well-informed persons in two or more different senses."). For the following reasons, we believe House Bill 1759 and House Bill 1023 are capable of being understood by a reasonably well-informed person in only one sense—requiring Spindletop to maintain possession of the property for the specified purposes.

Neither bill contains an express grant of *any* authority to Spindletop, much less authority for Spindletop to partition or alienate part of the property by sale or lease. *See* House Bill 1759, *supra* note 2, § 1, at 3589–90; House Bill 1023, *supra* note 3, § 1, at 873. Considering the bills as a whole, the phrase about which you inquire is part of a broader statement about the state's public purpose being achieved by the transfer of the property. *See* House Bill 1759, *supra* note 2, § 1(c), at 3589 ("to use the property in a manner that *primarily promotes a public purpose of the state* by using the property" as specified) (emphasis added); *accord* House Bill 1023, *supra* note 3, § 1(c), at 873. This legislative statement about the transfer of property serving the public purpose is more likely a statement designed to ensure that the transaction satisfies constitutional restraints on the state regarding public gifts or grants than it is an indirect grant of authority to Spindletop to alienate the property. *See* TEX. CONST. art. III, § 51 (prohibiting the granting of public money to an individual); *see also Bailey v. State*, 15 S.W.3d 622, 626 (Tex. App.—Dallas 2000, no pet.) (characterizing

section 51 as a provision intended to "prevent the application of public funds to private purposes" and explaining that "[a] transfer of funds for a public purpose, with a clear public benefit received in return, does not amount to a grant of public funds in violation of article III, section 51"). When the Legislature wants to authorize an entity to engage in such a realty transaction, it knows how to do so. *See FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 884–85 (Tex. 2000) (relying on the principle of statutory construction that the Legislature knows how to enact law effectuating its intent); *cf.* TEX. LOC. GOV'T CODE ANN. § 51.015(a) (Vernon 2008) (authorizing Type A general-law municipality to "take, hold, purchase, lease, grant, or convey property located in or outside the municipality"); TEX. WATER CODE ANN. §§ 49.225 (Vernon 2008) (authorizing water district subject to chapter 49 to "lease any of its property, real or personal, to any person"), 49.226 (providing for sale or exchange of property by chapter 49 water district); TEX. GOV'T CODE ANN. § 496.0021(a) (Vernon Supp. 2009) (authorizing Board of Criminal Justice to "sell state-owned real property").

In addition, the very purpose of these two bills—to effectuate the transfer of property to Spindletop—indicates that the Legislature intended Spindletop to physically utilize the property for the named purposes rather than use the proceeds from a sale or lease of the property for the specified purposes. *See* House Bill 1759, *supra* note 2, § 1, at 3589; House Bill 1023, *supra* note 3, § 1, at 873; *see also* SENATE RESEARCH CENTER, BILL ANALYSIS, Tex. H.B. 1759, 80th Leg., R.S., at 1 (2007) (indicating that a prior bill led to the leasing of the former Beaumont State Center to Spindletop but that "Spindletop wanted to establish ownership but did not have the funds to purchase the former center"); HOUSE RESEARCH ORGANIZATION, BILL ANALYSIS, Tex. H.B. 1023, 81st Leg., R.S., at 2 (2009) (explaining that bill would expand allowable uses of the property transferred to Spindletop). In addition, the fact that the State has retained a reversionary interest to ensure that the property is utilized for the specified purposes *by Spindletop* supports the view that in adopting the two bills the Legislature did not contemplate sale or lease of the property by Spindletop. *See* House Bill 1759, *supra* note 2, § 1, at 3589; House Bill 1023, *supra* note 3, § 1, at 873.

We conclude that under House Bill 1759 or House Bill 1023 Spindletop does not have authority to sell or lease a portion of the subject real property.

## S U M M A R Y

Spindletop Mental Health and Mental Retardation Services does not, under House Bill 1759 or House Bill 1023, have authority to sell or lease the subject real property.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

ANDREW WEBER
First Assistant Attorney General

JONATHAN K. FRELS
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Charlotte M. Harper
Assistant Attorney General, Opinion Committee